In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00192-CR


______________________________




HAROLD WILLIAMS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 00-F-046-102




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Harold Williams appeals his jury conviction of felony theft of over $1,500 but less than
$20,000, enhanced by two previous convictions. He was sentenced to twenty years in the
Institutional Division of the Texas Department of Criminal Justice. No fine was assessed. Williams
presents six points of error.

 In the summer and fall of 1999, Williams worked as a laborer constructing and remodeling
homes for Mike Anderson. During that time, Anderson spent a considerable amount of time working
out of state. In Anderson's absence, his son provided Williams and another employee access to a
storage building where tools were stored so they could do their construction work. Anderson's son
returned each night to lock the building. Sometime during Anderson's absence, his son lent Williams
a lawn mower for his personal use. Anderson returned from working out of town sometime in
October of 1999 and discovered approximately $3,000 worth of tools missing from the storage
building. Anderson testified a window had been left unlocked and ajar. Shortly after Anderson
discovered the items were missing, Kimberly Gill came to him and said she had pawned some of the
items for Williams. Gill then went with Anderson to several pawn shops to help him retrieve and
identify the items. Similarly, Cynthia Milford, Gill's friend, also testified she helped Williams pawn
some of the items. Both women testified that Williams was present when they pawned the items and
that they did so because Williams did not have any identification. One of the items recovered from
a pawn shop was the lawn mower that Anderson's son had lent Williams and that he had not
returned. Williams was charged with theft of over $1,500 but less than $20,000. 

 At trial, and on completion of the State's evidence, William's trial counsel moved for a
directed verdict. No other evidence was introduced or presented by the defense at either the not
guilty or punishment phase. Williams was found guilty of theft enhanced by two previous
convictions and sentenced to twenty years' confinement in the penitentiary. 

 Article 38.14 of the Texas Code of Criminal Procedure provides that a conviction cannot be
based on an accomplice's testimony unless other independent evidence connects the defendant with
the offense. See Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). This rule reflects a
legislative determination that accomplice testimony implicating another person should be viewed
with caution because accomplices often have incentives to lie in order to avoid punishment or shift
blame to another person. Blake v. State, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998).

 In his first point of error, Williams asserts that State's evidence supporting his conviction was
insufficient because it was based on accomplice testimony that was not corroborated with
nonaccomplice evidence. The State contends neither Gill nor Milford was an accomplice and
therefore corroboration of nonaccomplice evidence was not required. 

 When reviewing a jury's verdict involving accomplice testimony, we apply both a legal and
factual sufficiency standard of review. We review legal sufficiency of the evidence by looking at
all of the evidence in the light most favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307 (1979). In a factual sufficiency review, we view all the evidence and set
aside the verdict only if it is "so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust." Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 

 Williams contends Gill and Milford were accomplices as a matter of law. If either witness
was an accomplice as a matter of law, then it was error for the trial court to instruct the jury to
determine the witness's accomplice status. See Blake, 971 S.W.2d at 455 (citing DeBlanc v. State,
799 S.W.2d 701, 708 (Tex. Crim. App. 1990)). A witness is an accomplice as a matter of law if he
or she can be indicted for the same offense as the defendant. Ex parte Zepeda, 819 S.W.2d 874, 876
(Tex. Crim. App. 1991). However, when parties present conflicting evidence, the issue of whether
an inculpatory witness is an accomplice is properly left to the jury as a fact question under an
instruction defining the term "accomplice." Blake, 971 S.W.2d at 455. This is true even if the
evidence shows more likely than not the witness is an accomplice as a matter of law. Gamez v. State,
737 S.W.2d 315, 322 (Tex. Crim. App. 1987). Here, a factual dispute existed concerning Gill's and
Milford's accomplice status. The trial court, therefore, appropriately delegated this factual inquiry
to the jury. 

 In its instruction to the jury on the accomplice witness rule, the trial court outlined a two-step
process: first, the court instructed the jury to decide whether Gill and Milford were in fact
accomplices; and second, if they were accomplices, to decide whether there was sufficient
independent evidence to corroborate the accomplice testimony. (1) At trial, Williams made no
objection to the instruction.

 The jury could have appropriately disposed of the accomplice witness issue at either step in
its inquiry. Under step one, there was sufficient evidence that Gill and Milford were not
accomplices. The Texas Court of Criminal Appeals defines an accomplice as a person who
participates before, during, or after the commission of the crime and can be prosecuted for the same
offense as the defendant or for a lesser-included offense. Blake, 971 S.W.2d at 454-55. Mere
presence during the commission of the crime does not make one an accomplice, nor is one an
accomplice for "knowing about a crime and failing to disclose it, or even concealing it." Id. at 454.
The Texas Court of Criminal Appeals also held that even where the evidence shows the witness was
present during the commission of the crime and participated in concealing that crime, it was not
sufficient to raise the issue of accomplice status. Smith v. State, 721 S.W.2d 844, 851 (Tex. Crim.
App. 1986). 

 Here, there was no evidence either Gill or Milford knew the items were stolen at the time
they pawned them. Both women testified they thought the tools pawned for Williams were his
because he worked in the construction business. Both stated they pawned the items for Williams
because he did not have adequate identification. Neither Gill nor Milford received compensation,
other than gas or cigarettes, for assisting Williams with the pawns. Finally, both Gill and Milford
were on community supervision and were aware that any criminal offense would result in a
penitentiary sentence. These factors combined were sufficient to lead the jury to conclude neither
Gill nor Milford knew the items they pawned for Williams were stolen. Without such knowledge,
Gill and Milford could not be accomplices, and the accomplice witness rule would not apply.

 Even if the jury concluded Gill and Milford were in fact accomplices, there was sufficient
nonaccomplice evidence corroborating the accomplice testimony under step two of the inquiry. In
reviewing whether the accomplice testimony was sufficient corroboration, we eliminate all
accomplice testimony and decide whether there is other evidence of an incriminating character
tending to connect the defendant with the commission of the offense. Burks v. State, 876 S.W.2d
877, 887 (Tex. Crim. App. 1994); Munoz v. State, 853 S.W.2d 558, 559 (Tex. Crim. App. 1993). 
It is not necessary that the corroborating evidence directly connects the defendant to the crime or that
it be sufficient by itself to establish guilt; it need only tend to connect the defendant to the offense.
Reed v. State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988).

 In the present case, the following nonaccomplice evidence tends to connect Williams to the
offense: First, the victim's son testified he gave Williams access to the building where the stolen
items were stored. The only other person who had access to this building still worked for the owner
at the time of trial, and no further thefts have occurred since Williams was terminated. Second, the
victim's son lent a lawn mower to Williams that he never returned. Moreover, Williams promised
to return the lawn mower after it had been pawned. Finally, the victim testified he recalled seeing
Williams's name on some pawn tickets from items stolen from him in the past, but he just could not
state with certainty that those items were part of the thefts detailed in the indictment. Taken
collectively, this nonaccomplice evidence tends to connect Williams to the offense. There was
sufficient corroborating evidence for the jury to conclude that the requirements of the accomplice
witness rule were satisfied. Williams's first point of error is overruled.

 Williams next contends the trial court erred by accepting a "fatally defective" jury verdict. 
Specifically, Williams asserts the verdict was defective in form because it did not contain a finding
on the issue of accomplice witness testimony. This claim is without merit. See Harris v. State, 790
S.W.2d 568, 579 (Tex. Crim. App. 1989). Not only did the accomplice witness instruction properly
and adequately protect Williams, but Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a) (Vernon 1981)
explicitly provides that "[t]he verdict in every criminal action must be general." Id. (emphasis
added). Other than a few special provisions found in the Texas Code of Criminal Procedure that are
not applicable here, (2) there is no authority allowing the submission of special issues to a jury in a
criminal case. See Stewart v. State, 686 S.W.2d 118, 124 (Tex. Crim. App. 1984). The jury verdict,
therefore, was not defective. Furthermore, Williams's failure to object to the charge before the court
submitted it to the jury waived error. See Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981). 
Williams's second point of error is overruled.

 In points three, four, and five, Williams challenges both the legal and factual sufficiency of
the evidence supporting the indicted offense. In reviewing the legal sufficiency of the evidence, we
look to see whether after viewing all of the evidence in the light most favorable to the prosecution,
any rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson, 443 U.S. at 319; Lane v. State, 933 S.W.2d 504, 507 (Tex. Crim. App. 1996). We
must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible
or inadmissible. Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). 

 Under a factual sufficiency analysis, we examine whether a neutral review of all the evidence,
both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App.
2000); see also Clewis, 922 S.W.2d at 129. Accordingly, we reverse the fact-finder's determination
only to arrest the occurrence of a manifest injustice. Johnson, 23 S.W.3d at 12. Otherwise, we must
give deference to the fact-finder's determinations concerning the weight and credibility of the
evidence. Id. at 9.

 In his third and fourth points of error, Williams contends the evidence presented by the State
did not support a conviction for a single theft under Texas Penal Code Section 31.03, but rather was
more consistent with aggregated theft under Texas Penal Code Section 31.09. See Tex. Pen. Code
Ann. § 31.03 (Vernon Supp. 2003), § 31.09 (Vernon 1994). In support of his contention, Williams
points to Gill's and Milford's testimony wherein they stated they pawned the stolen items over a
period of time. Williams also contends that at no single time was the value of the pawned items over
$1,500, as alleged in the indictment. 

 To support this contention, Williams relies on Thomason v. State, 892 S.W.2d 8 (Tex. Crim.
App. 1994). Thomason involved an employee of a large company who took unauthorized payments
from his employer on ten separate occasions. Id. at 10. The indictment in Thomason alleged a single
theft under Section 31.03, but the State's evidence aggregated the ten separate thefts. This, the court
found, was more consistent with an offense under Section 31.09. Id. at 11. The reviewing court
affirmed the conviction and allowed aggregation even though Section 31.09 was not specifically
charged in the indictment. The Texas Court of Criminal Appeals reversed and concluded that "while
a conviction may be sustained under an indictment which is defective because it omits essential
elements of the offense, such is not true when the indictment facially charges a complete offense and
the State presents evidence which convicts under a different theory than that alleged." Id. 

 This case, however, is distinguishable from Thomason. Unlike in Thomason, here the State
never alleged or sought to prove a continuing course of conduct as required under Section 31.09, but
rather pursued its theory under Section 31.03. To satisfy Section 31.03, the State had the burden to
prove the defendant appropriated property with the intent to deprive the owner of that property on
or about a specific date. Tex. Pen. Code Ann. § 31.03. Here, the State offered evidence supporting
this theory: First, the victim's son testified he personally lent Williams a lawn mower that was
eventually pawned. Additionally, the State offered evidence Williams had access to the building
where the stolen items were stored. The State provided testimony from the victim indicating that
when he returned home from a business trip on October 22, 1999, several items were missing and
a window was left unlocked and ajar. The State also offered testimony from both Gill and Milford
acknowledging they pawned several of the stolen items for Williams. Finally, the victim testified
that tools he discovered missing on October 22, 1999, were valued at approximately $3,000. This
evidence, if believed by the jury, is both legally and factually sufficient to convict Williams under
Section 31.03 and the specific terms of the indictment. (3) 

 Williams's assertion the State was exclusively pursuing a theory under Section 31.09 because
it offered evidence that Gill and Milford pawned the goods over a period of time is tenuous at best. 
Although it is conceivable from the evidence that the goods could have been taken at different times
while the victim was away on his business trip, the State chose not to pursue this theory. Rather,
they elected to present evidence showing the victim discovered the items missing on or about
October 22, 1999, and that the value of these items was over $1,500. The State's evidence is
consistent with a theory of single theft coupled with a series of trips to pawn shops. Williams's third
and fourth points of error are overruled.

 In his fifth point of error, Williams contends the evidence was insufficient to sustain a
conviction because the State offered no evidence the theft occurred on October 22, 1999, as alleged
in the indictment.

 The indictment alleged: "Defendant, heretofore on or about October 22, 1999, . . . unlawfully
appropriated, . . . [property of the owner]." Article 21.02 of the Texas Code of Criminal Procedure
states that the time mentioned in the indictment "must be some date anterior to the presentment of
the indictment, and not so remote that the prosecution of the offense is barred by limitation." Tex.
Code Crim. Proc. Ann. art. 21.02(6) (Vernon 1989). In providing direction on this statute, the
Texas Court of Criminal Appeals has concluded it is well settled that the "on or about" language of
an indictment allows the State to prove a date other than the one alleged in the indictment as long
as the date is anterior to the presentment of the indictment and within the statutory limitation period. 
Sledge v. State, 953 S.W.2d 253 (Tex. Crim. App. 1977). 

 Although no witness testified to a specific date of the offense in the present case, the
evidence clearly indicates the offense occurred "last fall," "in the fall of '99," or "[l]ast fall, October,
November time frame." The statutory requirements, therefore, were satisfied. Williams's fifth point
of error is overruled.

 In his final contention, Williams asserts he received ineffective assistance of counsel. 
Specifically, he bases his claim on his trial counsel's failure to request notices under Tex. R. Evid.
404(b) and 609, Tex. Code Crim. Proc. Ann. art. 37.07, and trial counsel's decision not to offer any
evidence at both the guilt/innocence and punishment stages of trial. Williams insists trial counsel's
decisions prejudiced him because he received the maximum available sentence.

 The standard for testing claims of ineffective assistance of counsel is set out in Strickland
v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To meet this burden, the appellant must prove
that his attorney's representation fell below the standard of prevailing professional norms and that
there is a reasonable probability that, but for his attorney's deficiency, the result of the trial would
have been different. Strickland, 466 U.S. at 688; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim.
App. 2000). 

 Our review of trial counsel's representation is highly deferential; we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. 
Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712. Under normal circumstances, the record on
direct appeal will not be sufficient to show that counsel's representation was so deficient and so
lacking in tactical or strategic decision making as to overcome the presumption that counsel's
conduct was reasonable and professional. Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App.
2001). In addressing this reality, the Texas Court of Criminal Appeals recently explained: "In the
majority of instances, the record on direct appeal is simply undeveloped and cannot adequately
reflect the failings of trial counsel." Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App.
1999). This court will not second-guess, through hindsight, the strategy of counsel at trial, nor will
the fact that another attorney might have pursued a different course support a finding of
ineffectiveness. Harner v. State, 997 S.W.2d 695, 704 (Tex. App.-Texarkana 1999, no pet.) (citing
Blott v. State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979)). Any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 813. 

 While Williams insists his trial counsel's mistake prejudiced him, he does not point to
anything specific in the record to support this contention other than his receiving the maximum
possible sentence. But the length of a sentence does not necessarily mean the sentence was due to
counsel's incompetence. Bone v. State, 77 S.W.3d 828 (Tex. Crim. App. 2002). More importantly,
nothing in the record on direct appeal supports a finding that other witnesses or mitigating evidence
was available to Williams. Even if such evidence existed, defense counsel could have reasonably
determined that the potential benefit of presenting additional witnesses or evidence was outweighed
by the risk of unfavorable counter-testimony. We cannot speculate. The Texas Court of Criminal
Appeals recently warned that if a reviewing court can speculate about the existence of further
mitigating evidence, then it just as logically might speculate about the existence of further
aggravating evidence. Id. at 835. Ineffective assistance of counsel claims are not built on
retrospective speculation; they must "be firmly founded in the record." That record must itself
affirmatively demonstrate the alleged ineffectiveness. Id.

 Without the aid of conjecture and speculation, the record alone does not rebut the strong
presumption of reasonableness under Strickland. Williams's sixth point of error is overruled. 

 The judgment is affirmed.




 Ben Z. Grant

 Justice


Date Submitted: November 7, 2002

Date Decided: December 18, 2002


Do Not Publish

1. The trial court's instruction to the jury was as follows: 

 

 [A]n accomplice, as the term is here used, means anyone connected with the crime
charged as a party thereto, and includes all persons who are connected with the crime
by unlawful act or omission on their part, transpiring either before or during the time
of the commission of the offense, and whether or not they were present and
participated in the commission of the crime. A person is criminally responsible as
a party to an offense if the offense is committed by his own conduct, by the conduct
of another for which he is criminally responsible or by both.


 A person is criminally responsible for an offense committed by the conduct
of another if, acting with intent to promote or assist the commission of the offense,
he solicits, encourages, directs or aids or attempts to aid the other person to commit
the offense. The term "conduct" means any act or omission and its accompanying
mental state.


 . . . . 


 Now if you believe from the evidence . . . that the witness Kimberly Gill
and/or the witness Cynthia Milford was an accomplice, or you have a reasonable
doubt whether either witness was or not, as that term is defined in the foregoing
instructions, then you can not convict the defendant upon the testimony of the said
Kimberly Gill and/or Cynthia Milford unless you first believe that the testimony of
the said Kimberly Gill and/or Cynthia Milford is true and that it shows the defendant
is guilty as charged in the indictment; and even then you can not convict the
defendant unless you further believe that there is other evidence in the case, outside
of the evidence of the said Kimberly Gill and/or Cynthia Milford tending to connect
the defendant with the commission of the offense charged in the indictment, and then
from all the evidence you must believe beyond a reasonable doubt that the defendant
is guilty.

 
2. See, e.g., Tex. Code Crim. Proc. Ann. art. 37.071 (Vernon Supp. 2003) (involving special
procedures for capital cases).
3. The indictment, in pertinent part, reads as follows: 


 HAROLD WILLIAMS . . . heretofore on or about October 22, 1999, did unlawfully
heretofore then and there unlawfully appropriate, by acquiring or otherwise
exercising control over, property to-wit: tools, of the value of $1500.00, or more, but
less than $20,000.00, from the owner, Mike Anderson, with intent to deprive the
owner of the property.