Gary Dale THOMASON, Appellant

v.

The STATE of Texas, Appellee.

No. 915–93.

Court of Criminal Appeals of Texas, En Banc.

Dec. 21, 1994.

---

Michael S. Fawer and Jeffie J. Massey, Dallas, for appellant.

Tom O'Connell, Dist. Atty., J. Bryan Clayton, Asst. Dist. Atty., McKinney, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted by a jury of theft of property over $20,000.00. Tex.Penal Code Ann. § 31.03(e)(5)(B). The jury assessed punishment at six years confinement and a $10,000.00 fine. Tex.Penal Code Ann. § 12.33. The Court of Appeals affirmed. *Thomason v. State,* No. 05–92–00414–CR, 1993 WL 189615 (Tex.App.—Dallas, June 2, 1993) (not published). We granted appellant's petition for discretionary review to determine three issues.[1] Tex.R.App.P. Rule 200(c)(3). We will remand.

### I.

A brief recitation of the facts is necessary. Appellant, an employee of Electronic Data Systems (EDS) was charged with theft of at least $20,000.00 from EDS in a scheme in which appellant submitted invoices for nonexistent computer equipment. Between January and November 1990, appellant received ten checks from EDS totalling $518,787.00 as payment for the invoices.

Appellant's indictment alleged, in pertinent part, that between January 9, 1990 and October 22, 1990, appellant:

> intentionally and knowingly appropriate[d], by acquiring and otherwise exercising control over property, other than real property, namely: lawful United States Currency, of the value of at least Twenty Thousand dollars ($20,000.00), without the effective consent of Charlotte Norton, the said owner of said property ...

1. Specifically, appellant's grounds for review state:

GROUNDS FOR REVIEW: NUMBER ONE.
 The Court of Appeals erred in finding that the admission of inculpatory statements into evidence was proper because such statements were obtained without the required warnings by security officers acting as agents of law enforcement.
GROUND FOR REVIEW: NUMBER TWO.

 The Court of Appeals erred in finding that the trial court's failure to grant a motion to require the state to elect a single transaction upon which to rely for a conviction was permissible.
GROUND FOR REVIEW: NUMBER THREE.
 By failing to substantively address the question of the trial court's refusal to instruct the jury on extraneous offenses, the Court of Appeals implicitly approved this failure, thus committing an error.

During the course of trial, the State tendered the ten checks issued by EDS in payment of the invoices submitted by appellant. Individually, eight of the ten checks exceeded $20,000.00.

At the close of the State's case-in-chief, appellant moved to require the State to elect the check upon which it sought to obtain a conviction. The trial judge overruled appellant's motion. At the conclusion of the trial, the judge overruled appellant's request for a limiting instruction in the jury charge concerning extraneous offenses.

## II.

On appeal, appellant contended the indictment alleged a single theft pursuant to Tex.Penal Code Ann. § 31.03.[2] Because the State presented evidence of ten separate thefts at trial, appellant contended, in his third point of error, he was entitled to have the State elect the theft upon which it sought to obtain a conviction. And in his fourth point of error, appellant contended he was entitled to a limiting instruction concerning extraneous offenses.

The Court of Appeals rejected appellant's contention, holding the indictment charged appellant with aggregated theft pursuant to Tex.Penal Code Ann. § 31.09,[3] despite failing to allege the amounts of the checks were obtained "pursuant to one scheme or continuing course of conduct." *Thomason v. State*, Slip op. pp. 9–11. In so holding, the Court of Appeals stated:

... The record does not, however, demonstrate the reason, if any, for the phrase's omission. Based upon the record before us, we cannot conclude that the failure to include the phrase in the indictment

evinces an intent that the checks not be aggregated.

*Id.*, slip op. pg. 10. The Court concluded that because the checks were part of an aggregated theft under § 31.09, the State could not be forced to make an election, *Id.*, at pg. 11, and a limiting instruction was not required. *Id.*, at pg. 11, n. 5.

## III.

For the following reasons, we believe the Court of Appeals erred in holding the indictment alleged the offense of aggregated theft under § 31.09. First, the Court of Appeals failed to address our holdings to the contrary in *Whitehead v. State*, 745 S.W.2d 374 (Tex. Cr.App.1988); *and, Turner v. State*, 636 S.W.2d 189 (Tex.Cr.App.1980). In *Whitehead*, we stated:

... [s]ince [under § 31.09] the State may aggregate the values of particular items of property only if that property was taken during a continuing course of conduct, *the State must allege that the property was so taken* in the indictment. Thus ... the allegation that the values of the property taken were aggregated because that property was taken pursuant to a continuing course of conduct *is an element of the offense and must be included in the indictment.*

*Id.*, 745 S.W.2d at 376. (Emphasis in original.) *See also, Turner*, 636 S.W.2d at 196.[4]

■ Second, the indictment alleged the facially complete offense of theft under § 31.03. The elements constituting an offense under § 31.03 are: a person, with the intent to deprive the owner of property, unlawfully appropriates that property, without the effective consent of the owner. *Freeman*

---

2. Tex.Penal Code Ann. § 31.03 provides:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
(b) Appropriation is unlawful if:
(1) it is without the owner's effective consent....

3. Tex.Penal Code Ann. § 31.09 provides in pertinent part:

When amounts are obtained in violation of [Chapter 31. Theft] pursuant to one scheme or continuing course of conduct, whether from

the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

4. It is axiomatic that an appellate court must rely upon and apply the correct legal authority when performing the analysis necessary to resolve a point of error. In the instant case, appellant cited and relied on *Turner*. Appellant's Brief before the Fifth Court of Appeals, pg. 13. However, the Court of Appeals failed to cite, discuss or distinguish *Turner* in its resolution of this appeal.

*v. State,* 707 S.W.2d 597, 605 (Tex.Cr.App. 1986) (plurality op.); *and, Peterson v. State,* 645 S.W.2d 807, 811 (Tex.Cr.App.1983). Only when an indictment additionally alleges that the property was taken "pursuant to one scheme or continuing course of conduct," does the indictment charge an aggregated theft under § 31.09. *See, Whitehead,* 745 S.W.2d at 376–377; *and, Turner,* 636 S.W.2d at 196.

█ Although the indictment facially charged an offense under § 31.03, the Court of Appeals presumed the indictment attempted to charge an aggregated theft under § 31.09 but omitted an element of the offense.[5] The Court of Appeals erred in making such a presumption. The Court's reasoning that the absence of the "continuing course of conduct" language did *not* evince an intent *not* to charge an aggregated theft is fallacious because it required appellant to prove a negative. Rather, the opposite is true: where an indictment facially charges a complete offense, it is reasonable to presume the State intended to charge the offense alleged, and none other. Consequently, where an indictment facially charges a complete offense, the State is held to the offense charged in the indictment, regardless of whether the State intended to charge that offense. *Fisher v. State,* 887 S.W.2d 49, 55, 57 (Tex.Cr.App.1994).

█ This reasoning is consistent with our holding in *Fisher, supra,* where the defendant was indicted for delivery of "a controlled substance, namely: amphetamine of more than twenty-eight grams but less than four hundred grams." *Id.,* 887 S.W.2d at 51. The trial evidence showed the alleged substance contained only 18.38 grams of pure amphetamine, the remainder being adulterants and dilutants. *Id.* At the close of trial, the jury was charged on a broader theory of the offense than that alleged in the indictment; the jury was permitted to convict if they found the defendant delivered "a controlled substance, namely amphetamine, and the amount of the controlled substance [was], by aggregate weight, *including adulterants and dilutants,* twenty-eight grams or more." [6] *Id.* Reviewing the sufficiency of the evidence to support the conviction, we noted that while a conviction may be sustained under an indictment which is defective because it omits essential elements of the offense, *see, Studer v. State,* 799 S.W.2d 263 (Tex.Cr.App.1990), *such is not true when the indictment facially charges a complete offense and the State presents evidence which convicts under a different theory than that alleged. Fisher,* 887 S.W.2d at 554–57. A conviction under the latter circumstance violates principles of due process set out in *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970), *and, Jackson v. Virginia,* 443 U.S. 307, 314, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979), because the State has failed to prove beyond a reasonable doubt every fact necessary to constitute the crime *with which a defendant was charged. See, Fisher,* 887 S.W.2d at 52. *See also, Dunn v. United States,* 442 U.S. 100, 106–107, 99 S.Ct. 2190, 2194, 60 L.Ed.2d 743 (1979); *and, Cole v. Arkansas,* 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948).[7]

---

5. We are aware that under *Studer v. State,* 799 S.W.2d 263 (Tex.Cr.App.1990), a conviction will not be overturned where the indictment contains a substantive defect, for example, where the indictment omits a necessary element of the offense. *Id.* at 273. However, where the indictment charges a facially complete offense, as in the instant case, we cannot presume a defect exists and *Studer* is simply not applicable.

6. All emphasis is supplied unless otherwise indicated.

7. In *Dunn,* the Court stated:
 To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notions of due process. Few constitutional principles are more firmly established than a defendant's right to be heard on the specific charges of which he is accused.
*Id.,* 442 U.S. at 106, 99 S.Ct. at 2194.
 Similarly, in *Cole v. Arkansas,* the Court explained:
 No principle of procedural due process is more clearly established than that notice of the specific charge, *and a chance to be heard in a trial of the issues raised by that charge,* if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal ... It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to

We concluded the evidence presented at trial was insufficient to sustain Fisher's conviction because the evidence varied from the State's theory of prosecution as alleged in the indictment. *Id.,* 887 S.W.2d at 60.

 In light of *Fisher, Whitehead* and *Turner,* it is readily apparent that because the "continuing course of conduct" language was not alleged, the indictment charged an offense of theft under § 31.03 and the State was committed to that theory of prosecution.

### IV.

With the understanding that the indictment charged the offense of theft under § 31.03 rather than aggregated theft under § 31.09, the judgment of the Court of Appeals is vacated and this case is remanded to that Court for re-consideration of appellant's third and fourth points of error.[8]

WHITE, J., concurs in the result.

CAMPBELL, J., dissents.

MEYERS, Judge, dissenting.

In *Fisher v. State,* 887 S.W.2d 49 (Tex. Crim.App.1994) (McCormick, P.J., joined by White J., dissenting, Clinton, J., concurring, and Campbell, Meyers, JJ. not participating), this Court imprudently conceived a formula for deciding the sufficiency of the evidence as measured against both the submitted charge and an imperfect indictment. As unfortunate as this "experiment in sufficiency" was, it should be equally apparent that its sphere of influence should be confined to an appellate court's measurement of sufficiency only, as that question may be presented in an appropriate point of error.

Not surprisingly though, the same majority that fathered the *Fisher* apparatus has now concluded that *Fisher* has implications beyond its designated remedy. Some of these implications I fear may have come to roost in this case, and consequently would tend to restrict *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App.1990). My ultimate fear would be for these implications somehow to

> convict him upon a charge that was never made.
>
> *Id.,* 333 U.S. at 201, 68 S.Ct. at 517 (citations omitted) (emphasis added).

nest and imprudently cloud our jurisprudence.

Nevertheless, I agree that the Court of Appeals erred in the instant cause. Because the trial judge could not lawfully submit the question of aggregation over appellant's objection, and because appellant's demand for an election was sufficient to apprise the trial judge that he did not wish to be exposed to conviction for an "aggregated theft," it is no answer to appellant's complaint that conviction for "aggregated theft" obviated the need for an election, as the Court of Appeals held. Moreover, without the aid of section 31.09, separate instances of appropriation could not be considered part of a single offense for purposes of prosecution under section 31.03(a). Consequently, the State should have been forced to elect the instance of appropriation upon which it wished to proceed before the jury. Because the trial judge did not honor appellant's demand for such an election, I would reverse the conviction in this cause and remand for further proceedings in the trial court.

Instead, the majority elects to return this cause to the Court of Appeals for further consideration in light of *Fisher.* But even assuming that *Fisher* would somehow affect the disposition of this case, such a remand is altogether unnecessary. Given the majority's resolution of appellant's ground for review, a disposition with which I concur for different reasons, there is no further factual or legal analysis to be performed by the lower appellate court.

Accordingly, I dissent.

---

8. Appellant's first ground for review is dismissed without prejudice.