Ernestine **WASHINGTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–94–417–CR.

Court of Appeals of Texas, Corpus Christi.

Sept. 28, 1995.

Jeanne E. Holmes, Edinburg, W. Lassiter Holmes, III, Edinburg, for appellant.

Theodore C. Hake, Asst. Criminal District Attorney, Edinburg, Rene Guerra, District & County Attorney, Edinburg, Traci A. Sellman, Asst. Criminal District Attorney, Edinburg, for appellee.

Before YAÑEZ, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

YAÑEZ, Justice.

A jury found appellant guilty of theft of property valued at more than $750.00 but less than $20,000.00. *See* Tex.Penal Code Ann. § 31.03 (Vernon 1994). The court assessed punishment at ten years confinement, probated for a like term, a $100.00 fine, and $3,155.00 of restitution. The appellant argues that there is no evidence to support a conviction of theft under the theory alleged in the indictment, and the State concedes error. We reverse and acquit.

The indictment alleged in pertinent part:

that [Appellant] ... on or about the 24th day of March A.D. 1988, ... did then and there intentionally and knowingly appropriate by acquiring and otherwise exercising control over property other than real property, to-wit: $3,155.00 in United States currency of the total value of more than $750.00 and less than $20,000.00, from the owner, Larry Thibadoux, without the effective consent of the owner, and with

intent to deprive the said owner of said property.

Appellant was the supervisor of membership applications for Sam's Wholesale Club in Pharr, Texas. Her duties included assisting customers with the applications, accepting fees for the applications and issuing the membership cards. The applications were initialed by the person accepting the applications, and a receipt showing the fee received was attached to each application. The application fee averaged $65.00. The appellant allegedly stole application fees of $3,155.00 over a ten-month period.

The record shows that the appellant objected to the jury charge as going beyond the indictment to charge a separate offense. The appellant produced *Turner v. State*, 636 S.W.2d 189 (Tex.Crim.App.1982). *Turner* holds that aggregation is only allowed under Tex.Penal Code Ann. § 31.09 and that each theft must be pleaded. *Id.* at 196. The trial court overruled appellant's objection to the jury charge. The State did not object to the charge at trial. The jury charge stated in pertinent part:

Now if you find from the evidence beyond a reasonable doubt that on or about the 24th day of March, 1988 in Hidalgo County, Texas, the [appellant] did then and there intentionally or knowingly appropriate by acquiring and otherwise exercising control over property other than real property, to-wit: $3,155.00 in United States currency *and if you further find beyond a reasonable doubt that all of said property was obtained pursuant to one scheme or continuing course of conduct which began on or about May 15, 1987 and continued until on or about March 24, 1988 and the aggregate value of the property so appropriated* was $750.00 and more but less than $20,000.00 from LARRY THIBADOUX, the owner thereof, without the effective consent of said owner, and with intent to deprive the said owner of said property, then you will find the [appellant] guilty of theft. (Emphasis added.)

█ The appellant argues to this Court that there is no evidence to support a conviction on the offense alleged in the indictment.

The State concedes, and we agree for the following reasons.

 First, the offense of aggregated theft must be pleaded separately from theft. *Whitehead v. State*, 745 S.W.2d 374, 376 (Tex. Crim.App.1988); *Turner*, 636 S.W.2d at 196. In *Whitehead* the Court of Criminal Appeals stated:

> ... [s]ince [under § 31.09] the State may aggregate the values of particular items of property only if that property was taken during a continuing course of conduct, *the State must allege that the property was so taken* in the indictment. Thus ... the allegation that the values of the property taken were aggregated because that property was taken pursuant to a continuing course of conduct *is an element of the offense and must be included in the indictment.*

*Id.* at 376. (Emphasis in original.)

 Second, the indictment alleged the facially complete offense of theft under § 31.03. The elements constituting an offense under § 31.03 are: a person, with the intent to deprive the owner of property, unlawfully appropriates that property, without the effective consent of the owner. *Thomason v. State*, 892 S.W.2d 8, 10 (Tex.Crim.App. 1994). "[W]here an indictment facially charges a complete offense, the State is held to the offense charged in the indictment, regardless of whether the State intended to charge that offense." *Id.* at 11. Although an indictment that omits elements of the offense will support a conviction, *see Studer v. State*, 799 S.W.2d 263 (Tex.Crim.App.1990), one that facially charges a complete offense will not support a conviction under a different theory. *Thomason*, 892 S.W.2d at 11. A conviction under a theory not charged violates the Due Process Clause of the U.S. Constitution. *See In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The State put on no evidence of a theft of $3,155.00 on or about the 24th day of March 1988, nor do any one day's worth of application fees accrue to an amount within the limits of the crime charged in the indictment.

The indictment charged an offense under § 31.03 while the jury charge allowed conviction only under § 31.09. The evidence is insufficient to prove theft under § 31.03. Thus, we sustain appellant's points of error challenging the sufficiency of the evidence. We reverse the judgment of the trial court and acquit appellant.