NUMBER
13-00-619-CR

 

                                            COURT
OF APPEALS

 

                                 THIRTEENTH
DISTRICT OF TEXAS

 

                                               CORPUS
 CHRISTI

                                                                                                       
              

 

PATRICIA
A . STROUD,            Appellant,

 

                                                                             v.

 

THE
STATE OF TEXAS,              Appellee.

 

 

 

                  On
appeal from the 400th District Court of Fort Bend County, Texas.

                                                                           
                                          

 

                                                   O
P I N I O N

 

                                       Before
Justice Yanez, Rodriguez, and Baird[1]

                                                        Opinion
by Justice Baird








Appellant
was charged by indictment with the offense of theft.  She pled guilty to the charged offense and the
trial court assessed punishment at eight years confinement in the Texas
Department of Criminal Justice--Institutional Division. We affirm.

I.  Factual Summary.

To fully
address the points of error, we must begin with a summary of the proceedings in
the trial court.  The grand jury returned
a four count indictment against appellant charging the offense of theft.  Tex.
Pen. Code Ann. ' 31.03 (Vernon Supp
2002).  Except for the alleged date, the
counts are identical and allege appellant appropriated currency of $20,000.00
or more but less than $100,000.00.  Id. at '
31.03(e)(5).  The final paragraph in the
indictment alleged that the amounts in each count were obtained pursuant to one
scheme and continuing course of conduct and that the aggregate amount totals
$100,000.00 or more but less than $200,000.00. 
Id. at '
31.09.  This allegation increased the
range of punishment from a third to a second degree felony.  Id. at '
31.03(e)(6).

Appellant
was not able to reach a plea bargain with the State.  Nevertheless, she pled guilty to each count
and true to the aggregation allegation. 
In addition to appellant=s plea, the State offered evidence to
establish appellant=s guilt. 
The trial court admitted this evidence, found it was sufficient evidence
to substantiate appellant=s guilt but did not enter a finding of
guilt, ordered a pre-sentence investigation report, and recessed the
proceedings.[2]








Prior to
the commencement of the punishment hearing, appellant moved to withdraw her plea(s)
of guilty because the aggregate amount of the thefts was less than
$100,000.00.  The trial judge denied the
motion and proceeded to hear evidence on the issue of punishment.  That evidence portrayed appellant as an
employee who stole cash from her employer. 
The thefts occurred over a period of years from 1995 through September
1998, and totaled $100,855.64.  The trial
judge assessed punishment at eight years confinement.[3]

II.  The Premise.

Appellant
raises three points of error.  Points one
and two are premised on the argument that the four counts of the indictment did
not allege a theft of $20,000.00 or more. 
Appellant argues, that because those counts did not contain the
aggregating language of section 31.09 of the Penal Code, they alleged only a
single theft of less than $20,000.00, not multiple thefts in excess of
$20,000.00.  See Tex. Pen. Code Ann. '31.09 (Vernon 1994).

This
argument embodies three established legal principles.  First, a conviction under a theory not
charged violates the Due Process Clause of the United States Constitution. Washington v.
State, 909 S.W.2d 577, 579 (Tex. App.BCorpus
Christi 1995, no pet.).  Second, an
indictment that omits an element of the offense will support a conviction.  Studer v.
State, 799 S.W.2d 263, 271-72 (Tex. Crim. App.
1990).  Third, where an indictment
facially charges a complete offense, the State is held to the offense charged
in the indictment, regardless of whether the State intended to charge that
offense.  Thomason v. State, 892
S.W.2d 8, 11 (Tex. Crim. App. 1994).








Appellant
relies on the first and third legal principles in support of her argument.  In Thomason, the defendant was charged
with a theft scheme involving nonexistent computer equipment and a series of
fraudulent invoices that he submitted to his employer for payment.  Id. at
9.  However, the indictment did not
allege that the theft was perpetrated through Aone
scheme or continuing course of conduct@ so as to aggregate the amounts paid on
the fraudulent invoices.  See Tex. Pen. Code Ann. ' 31.09 (Vernon
1994).  Instead, the indictment alleged
all the elements of a single theft under section 31.03 of the Penal Code.  The Court of Criminal Appeals held the
indictment alleged an offense under section 31.03, not an offense under section
31.09.  Thomason 892 S.W.2d at
10.  This is known as the Afacially
complete offense@ exception to Studer=s
general rule on defective indictments.  Limas
v. State, 941 S.W.2d 198, 203 (Tex. App.BCorpus
Christi 1996, pet. ref'd.).

However,
the instant case is unlike Thomason because the indictment does contain
a section 31.09 allegation. 
Specifically, that allegation stated: 
AAnd all
said amounts as alleged in each count were obtained pursuant to one scheme and
continuing course of conduct ....@ 
This paragraph specifically references Aall
amounts@ in Aeach
count.@  By using these specific references, the
indictment employed section 31.09 to aggregate the amount in each count to more
than $20,000.00, and to aggregate those four counts into an amount in excess of
$100,000.00.  Consequently, we hold the
indictment alleged a second degree felony. 
See Tex. Pen. Code Ann.
'
31.03(e)(6) (Vernon Supp.
2002).

III.  Points of Error.








The
first point of error contends the trial judge erred in not permitting appellant
to withdraw her plea(s) or, in the alternative, in not sua
sponte withdrawing the plea(s), because the
evidence at the punishment phase established she was not guilty of the charged
offense. The second point of error contends trial counsel was ineffective for
not realizing appellant was not guilty of the charged offense.  As noted above, the success of each point is
contingent upon our holding the indictment did not allege a second degree
felony offense.  For the reasons stated
in part II, supra, we do not make that holding.  Consequently, we hold the trial judge did not
err in not withdrawing appellant=s plea(s), and trial counsel was not
ineffective.  The first and second points
of error are overruled.

The
third point of error contends appellant did not enter a plea to counts I and II
of the indictment.  However, this
argument is contradicted by the record. 
Therefore, the third point of error is overruled.

The
judgment of the trial court is affirmed.

 

                                                     


CHARLES
F. BAIRD

Justice

 

 

Do not publish.  

Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

28th day of February, 2002.











[1]Former
Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon
1998).





[2]
These proceedings were presided over by the Honorable Ogden Bass.





[3]The
punishment phase was presided over by the Honorable A. D. Azios.