Opinion issued August 21, 2003












In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01130-CR




DONNA C. CUPIT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 868127




O P I N I O N

          Appellant, Donna C. Cupit, was charged by indictment with a single felony
offense of theft in an amount greater than $20,000 but less than $100,000,


 to which
she pleaded not guilty. The jury found appellant guilty, found an allegation of a prior
felony conviction for possession of cocaine to be true, and assessed her punishment
at 20 years’ imprisonment and a $10,000 fine. 
          In seven points of error, appellant asserts that (1) the evidence was legally and
factually insufficient to sustain the conviction; (2) the sentence was statutorily
unauthorized and constitutes cruel and unusual punishment; and (3) she was denied
effective assistance of counsel. We affirm.Background
          The complainant, Erline Sellers, testified that on January 31, 2001, she was
approached by appellant while in the Wal-Mart parking lot. Appellant told Sellers
her name was “Amanda.” Appellant told Sellers that some Mexicans in an old truck
dropped a package of money that appellant was holding, and when she tried to give
it back to them, they spit on her. When Sellers suggested that appellant take the
package to Wal-Mart security, appellant stated that she already had done that and they
refused to help because it was private property. It was cold outside, so Sellers invited
appellant to sit in her car. 
          Appellant then began telling Sellers her hard-luck story. Appellant told Sellers
that her parents had recently divorced, her father left her mother with nothing, and her
mother was very ill and needed appellant’s help. Additionally, appellant told Sellers
that she was a courier for a Wells Fargo Bank branch located in the Randall’s
Flagship grocery store at the corner of Bissonnet and Gessner. When appellant stated
that she needed to return to the bank, Sellers offered to drive her there. After
appellant phoned her boss and obtained his permission to accept a ride, Sellers drove
appellant to Randall’s. Appellant told Sellers to wait while she went to ask her boss,
“Walter Green,” what to do with the money. Appellant then returned to Sellers’ car
and told Sellers excitedly that there was $100,000 in bearer bonds and another
$69,000 cash in the package. Appellant stated that her boss had called the authorities
and that the authorities had said they could split the money three ways amongst
appellant, Sellers, and Green, but that they would have to each pay $14,722 in taxes
on the money. When Sellers asked why the taxes could not be paid by using the
money in the package, appellant stated that her boss had told her that it was drug
money and the taxes had to be paid with “clean” money.
          After Green corroborated appellant’s story, Sellers dropped appellant off across
the street from her bank per appellant’s instruction; Sellers then drove to the bank and
wrote a check for “cash” for $14,722. Upon obtaining the cash, Sellers gave the
money to appellant and the two of them drove back to Randall’s. Appellant said she
would take the money to Green, and went into the store. Shortly thereafter, appellant
came back to Sellers’ car, telling Sellers that she could not obtain enough money to
cover her portion of the taxes. Sellers agreed to help appellant by loaning her $8,000
for part of appellant’s portion of the taxes. Sellers then drove back to her bank, wrote
a second check to “cash” for $8,000, and gave appellant the money. Sellers drove
appellant back to Randall’s, where appellant said she was taking the money to Green. 
After appellant went into the store, Sellers waited in her car for about 30 minutes, but
appellant never returned. 
          Sellers then went inside Randall’s and asked to see the manager, whom she
identified as Walter Green. The manager of the bank informed Sellers that there was
no manager named Walter Green and no courier named Amanda. At that point,
Sellers realized she had been scammed. Sellers went home and called the police. 
Officer Andrea Burke initially responded and took Sellers’ statement. Officer Carol
Calabro, an investigator with swindler cases, came to Sellers’ home several days later
and showed her various photographs. Sellers positively identified appellant in the
photographs as the person who stole her money. Sellers testified that appellant
unlawfully appropriated $22,722 without her effective consent.Sufficiency of the Evidence
          In her first and second issues, appellant contends that the evidence was legally
and factually insufficient to support a conviction for theft in an amount greater than
$20,000.00. Specifically, appellant argues that the indictment did not specify a
“continuing course of conduct,” as required to aggregate amounts. Appellant argues
that the evidence presented constituted two separate and distinct offenses and that,
because the indictment alleged one theft and not aggregated theft, the evidence is
insufficient to support a conviction of theft of property of the value of $20,000 or
more and under $100,000.
          Standard of Review
          A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); Howley v. State, 943
S.W.2d 152, 155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). 
          Under the factual sufficiency standard, we ask “whether a neutral review of all
of the evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.” King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We will reverse
the fact finder’s determination only if a manifest injustice has occurred. Id. In
conducting this analysis, we may disagree with the jury’s determination, even if
probative evidence supports the verdict, but we must avoid substituting our judgment
for that of the fact finder. Id. The jury are exclusive judges of the facts, the
credibility of the witnesses, and the weight to be given their testimony and may
believe or disbelieve all or any part of a witness’s testimony. Penagraph v. State, 623
S.W.2d 341, 343 (Tex. Crim. App. 1981).
          The Nature of the Offense
          Appellant was indicted for a single theft. The indictment alleged, in pertinent
part, that on or about February 5, 2001, appellant:
unlawfully, appropriate[d], by acquiring and otherwise exercising
control over property, namely, cash money owned by Erline Sellers, of
the value of over twenty thousand dollars and under one hundred
thousand dollars, with the intent to deprive the Complainant of the
property.

Appellant contends that the State presented evidence of two separate thefts at trial,
not a single theft, but did not choose which offense to submit to the jury and did not
allege aggregated theft. The State argues that the theft was a single offense that was
finalized when appellant left Sellers for the last time; thus, there was no error in the
indictment.
          Theft is a single offense, not a continuing offense. See Barnes v. State, 824
S.W.2d 560, 562 (Tex. Crim. App. 1991), overruled on other grounds, Proctor v.
State, 967 S.W.2d 840 (Tex. Crim. App. 1998). Appellant was convicted of a single
theft, based on section 31.03 of the Penal Code, which provides in pertinent part as
follows:
(a) A person commits an offense if he unlawfully appropriates property
with intent to deprive the owner of property.
 
(b) Appropriation of property is unlawful if:

                (1) it is without the owner’s effective consent. 

Tex. Pen. Code Ann. §§ 31.03(a), (b)(1) (Vernon 2003). 
          When a defendant has committed multiple thefts over a period of time, the
State may choose to aggregate the thefts pursuant to section 31.09 of the Penal Code,
which provides:
When amounts are obtained in violation of this chapter pursuant to one
scheme or continuing course of conduct, whether from the same or
several sources, the conduct may be considered as one offense and the
amounts aggregated in determining the grade of the offense.

Tex. Penal Code Ann. §31.09 (Vernon 2003). If the State chooses to indict a
defendant based on section 31.09, the indictment must include language to the effect
that the State is aggregating the amounts pursuant to a continuing scheme or course
of conduct. See Thomason v. State, 892 S.W.2d 8, 11 (Tex. Crim. App. 1994). This
language is considered an element of the offense. Id. When it is omitted, it is
reversible error. Id. Thus, if appellant were correct in classifying the offense as two
thefts that should have been aggregated, we would sustain her sufficiency challenge
because the indictment here did not include the required language. Instead, we reject
her argument because we conclude the offense was a single theft.
          In those cases in which Texas courts have addressed indictments for aggregated
theft, the continuing course of conduct has occurred over prolonged periods of
time—weeks, months, even years—and often involve multiple complainants. See,
e.g., Turner v. State, 636 S.W.2d 189, 196 (Tex. Crim. App. 1980); Thomason, 892
S.W.2d at 10. Here, the scheme took approximately three hours to complete and
involved only one complainant. 
          A recently issued opinion from the Court of Criminal Appeals supports the
State’s argument that this was a single offense. In Lopez v. State, No. 1080-02, (Tex.
Crim. App. June 11, 2003), the court addressed the question of whether the State
could obtain more than one conviction for delivery of a controlled substance when
the offer to sell occurred in the morning and the actual delivery occurred in the
evening. The court held that the offer to sell and the possession of drugs to complete
that sale was a single offense. Id. slip. op. at 12. The court based its holding on the
ground that the steps in this single drug transaction were all “the result of the original
impulse.” Id. slip op. at 13 (citing Blockberger v. United States, 284 U.S. 299, 303,
52 S. Ct. 180, 182 (1932). Likewise, we conclude that appellant committed a series
of steps, all of which were the result of her original impulse to swindle money from
the complainant, that constituted a single offense.
          Accordingly, we hold that the evidence was legally and factually sufficient to
sustain appellant’s conviction for a single theft.
          We overrule appellant’s first and second points of error.
Statutory Authorization of Sentence
          In her third point of error, appellant complains that the sentence of 20 years is
statutorily unauthorized. Appellant was charged and convicted with the offense of
theft of property, namely, cash money owned by Erline Sellers, of the value of over
$20,000 and under $100,000, a third degree felony. See Tex. Pen. Code Ann. §
31.03(a), (e)(5) (Vernon 2003). The indictment contained an enhancement paragraph
alleging appellant’s prior conviction of a felony. If it is shown on the trial of a third-degree felony that the defendant has been previously convicted of a felony, on
conviction, she shall be punished for a second-degree felony. See id. § 12.42(a)(3)
(Vernon 2003). The punishment range for a second-degree felony is imprisonment
for two to 20 years and a fine not to exceed $10,000. Id. § 12.33 (Vernon 2003). The
jury found the enhancement paragraph to be true and assessed punishment at
confinement for 20 years and a fine of $10,000. 
          Appellant relies on State v. Mancuso, 919 S.W.2d 86 (Tex. Crim. App. 1996),
to argue that her punishment should not have been enhanced. This is not correct. 
Appellant accurately notes that section 12.42(e) of the Penal Code prohibits the use
of a prior state jail felony conviction for enhancement purposes under subsections (b),
(c), or (d). Id. § 12.42(e). The State, however, did not proceed under subsection (b),
(c), or (d); rather, it enhanced appellant’s punishment pursuant to subsection (a)(3),
which permits enhancement of a third-degree felony to a second-degree felony if the
defendant has been once before convicted of a felony. Id. § 12.42(a)(3) (Vernon
2003).
          We hold that appellant’s sentence was authorized by statute.
          We overrule appellant’s third point of error.
Constitutionality of the Sentence
          In her fourth and fifth points of error, appellant complains that the sentence
imposed is excessive and that it constitutes cruel and unusual punishment in violation
of the Eighth


 and Fourteenth


 Amendments and the Texas Constitution.



          Appellant’s arguments were based on her incorrect premise that the sentence
was not statutorily authorized. Because we have held that it was, these arguments are
moot.
          We overrule appellant’s fourth and fifth points of error.
Ineffective Assistance of Counsel
          In her sixth and seventh points of error, appellant asserts that she was denied
effective assistance of counsel in violation of the Sixth Amendment


 and the Texas
Constitution.


 Appellant contends that counsel was ineffective for (1) failing to
request at the close of the State’s case that the State elect upon which theft offense
it would proceed; (2) failing to recognize that absent the statutory Texas Penal Code
Section 31.09 “continuing course or scheme” language in the indictment, that any
aggregation of the value of property subject to the accusation of theft was
impermissible and that appellant was at most, guilty of a state jail felony theft offense
only; (3) failing to object to the use of a state jail felony offense to enhance
appellant’s punishment; and (4) failing to object to the sentence. Based on our
disposition of the previous points of error, we hold that this argument is also without
merit. Counsel did not need to request an election of the charge or challenge the
indictment, and was not ineffective for failing to do so.
          We overrule appellant’s sixth and seventh points of error.
          We affirm the trial court’s judgment. 
 
 
                                                                        Lee Duggan, Jr.
                                                                        Justice
 
Panel consists of Justices Hedges, Keyes, and Duggan.




Publish. Tex. R. App. P. 47.