IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,568






EX PARTE DEMARCUS LAMOND LEWIS Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 241-230-04 IN THE 241
ST DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of less
than four grams of cocaine and sentenced to forty years' imprisonment after he was found to have
previously been convicted of a felony. The Seventh Court of Appeals affirmed his conviction. Lewis
v. State, No. 07-04-386-CR (Tex. App. - Amarillo, del'd May 18, 2005, no pet.)

 Applicant contends, inter alia, that his sentence is illegal because the notice of intent to seek
enhancement of punishment failed to allege that Applicant's prior convictions were sequential. We
remanded this application to the trial court for findings of fact and conclusions of law.

 The State provided Applicant notice that it was seeking enhancement of his punishment
because he had previously been convicted of two felony offenses. However, that notice did not
allege that the offense underlying one of his prior convictions was committed after his conviction
in the other had become final, and did not allege that enhancement was being sought pursuant to
Penal Code § 12.42(d). The notice was adequate to allege enhancement pursuant to Penal Code
§12.42(a)(3). An indictment which alleges a facially valid offense may not be construed as alleging
a greater offense on the theory that an additional element may have been inadvertently omitted. 
Thomason v. State, 892 S.W.2d 8 (Tex. Crim. App. 1994). The notice here was inadequate to
support a finding that Applicant was a habitual offender, and the sentence imposed here is illegal
because it exceeds the maximum for a third degree felony enhanced pursuant to § 12.42(a)(3).

 Relief is granted. The judgment in Cause No. 241-230-04 in the 241st Judicial District Court
of Smith County is set aside, and Applicant is remanded to the custody of the Sheriff of Smith
County for a new assessment of punishment.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: December 13, 2006

Do Not Publish