IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0873-07 and PD-0874-07





BEVERLY KIRKPATRICK, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


KAUFMAN COUNTY





 Johnson, J., delivered the opinion for a unanimous Court.


O P I N I O N



 

 We withdraw our December 17, 2008 opinion and substitute the following opinion.

 Appellant was charged with several offenses by way of three indictments. Only two of those
indictments are presently before us. (1) On appeal, the court of appeals found that the trial court had
not acquired jurisdiction and reversed appellant's convictions. We reverse the judgment of the court
of appeals as to both causes and remand Cause No. 05-06-1230-CR so that the court of appeals may
resolve appellant's remaining issue.

 In indictment number 23290-86, appellant was charged with forgery and tampering with a
governmental record in three counts: count one- publishing a forged writing, knowing it to be
forged, with such writing purporting to be the act of Lance Rabenaldt, who did not authorize that act;
count two-presenting a letter purporting to bear the signature of Warren Samuelson, with knowledge
of its falsity and with intent that it be taken as a genuine governmental record; and count
three-presenting a letter purporting to bear the signature of Chau Vo, with knowledge of its falsity
and with intent that it be taken as a genuine governmental record. In indictment number 23338-86,
a single count charged appellant with tampering with a governmental record by making a document,
specifically a letter from Michael D. Grant attached to a motion for continuance, with knowledge
of its falsity and with intent that it be taken as a genuine governmental record.

 After the state had presented its case-in-chief, appellant moved for an instructed verdict on
the felony forgery count, asserting that the state had failed to prove felony forgery because it had not
alleged or proven any of the elements necessary to make the forgery a felony rather than a
misdemeanor. The trial court agreed and granted appellant's motion for instructed verdict as to
count one of indictment number 23290-86. The trial court overruled appellant's complaints as to
the other allegations. The jury convicted appellant of the remaining alleged offenses, and the trial
court sentenced her to two years' confinement on each of those counts, to be served concurrently.

 On appeal, appellant raised one issue in Cause No. 05-06-01274-CR (trial-court Cause No.
23290-86), a claim that the trial court did not have jurisdiction because appellant had been indicted
for a misdemeanor in each of the two indictments that are before us. She raised the same issue in
Cause No. 05-06-01230-CR (trial-court Cause No. 23338-86), and she also raised an additional issue
that the court of appeals did not address because it found the first issue dispositive. (2) The court of
appeals held that the indictments failed to satisfy the constitutional requirement of subject-matter
jurisdiction and did not vest the district court with jurisdiction. Kirkpatrick v. State, 2007 Tex. App.
LEXIS 2906, No. 05-06-01230-CR, No. 05-06-01274-CR (Tex. App. - Dallas, delivered April 17,
2007, no pet.)(not designated for publication). It therefore dismissed both cases for want of
jurisdiction. Id. at *6.

 The court of appeals noted that the multi-count indictment alleged that appellant presented
two letters, one purporting to bear the signature of Samuelson and the other purporting to bear the
signature of Vo. (3) Id. at *4. It further held that "the indictment alleged Class A misdemeanor
offenses of tampering with a governmental record[,]" but "[t]he indictment in this case does not
show on its face the State's intent to charge a felony or other offense for which the district court has
jurisdiction." Id. at *5. It also held that "because the indictment did not vest the district court with
jurisdiction, appellant did not waive her complaint by failing to object prior to the day of trial." Id.
at *5-6.

 We granted the State Prosecuting Attorney's petition for discretionary review, which raised
three grounds for review.

 1) Did the Court of Appeals err by concluding that the district court did not have
subject-matter jurisdiction of the offense?


 2) Where an offense can be charged as either a felony or a misdemeanor, does the
return of the indictment into a court with subject-matter jurisdiction of only the
felony offense indicate the State's intent to charge the felony offense?


 3) Is ambiguity or confusion about the particular offense that has been charged [sic]
the type of objection to an indictment that must be raised by a defendant prior to the
date of trial?


The Arguments of the Parties

 The state, represented by the State Prosecuting Attorney, argues that the language of the
indictments, and their return to the district court, were sufficient to show the state's intention to
charge the felony offenses of tampering with a governmental record, thus the indictments invested
the district court with subject-matter jurisdiction. It asserts that the indictments' failure to allege all
of the elements of the felony offense of tampering with a governmental record constituted a defect
of substance, and it was therefore incumbent upon appellant to raise the defect prior to the date of
trial. It contends that, because appellant failed to object, the court of appeals erred by dismissing
the counts for want of jurisdiction.

 Appellant argues that the indictments were proper, facially complete indictments that alleged
all the elements necessary to charge her with the misdemeanor offense of tampering with a
government record. She asserts that, being misdemeanor offenses, the district court did not have
subject-matter jurisdiction, and that such a claim of lack of jurisdiction is not waived by failure to
object before trial. She argues that she was thus not required to object before trial to the presentment
of an indictment to a court without competent jurisdiction.

 The parties agree that the faces of the indictments at issue here allege misdemeanor
tampering with a governmental record; "the indictment[s] failed to contain language that would
charge a felony offense-i.e., that Appellant intended to defraud or harm another or that the
governmental record was of the type to make the offense a third-degree felony." State's Brief, p. 2. 
Predictably, they disagree as to whether appellant's failure to object, before trial, to being tried on
misdemeanor allegations in a district court prevented the court of appeals from granting relief on her
appellate complaints about subject-matter jurisdiction.

 The state asserts that, while the offense of tampering with a governmental record may be 
charged as either a felony or a misdemeanor, the fact that the indictment was returned to a district
court with subject-matter jurisdiction over felony offenses "is an indication that the State intended
to charge a felony offense." It also suggests that the pretrial proceedings "were also indications that
Appellant was being charged with a felony offense, and not a misdemeanor." It asserts that the
indictments, whatever their defects, can be construed as intended to charge a felony because there
does exist a felony offense of tampering with a governmental record and the indictments in these
cases were returned to a court with subject-matter jurisdiction over only felony offenses. It adds that,
if appellant had been confused about whether the state did charge, or intended to charge, her with
a felony, she could have, and should have, objected to the defective indictment before the day of
trial.

 Appellant claims that the indictments gave her notice only that she had been indicted for
misdemeanor tampering offenses under Tex. Penal Code § 37.10(a)(2) because they did not include
any of the elements that the statute requires in order to raise the misdemeanor offense to a state-jail
or second-degree felony. She points out that, pursuant to Tex. Code Crim. Proc., Art. 20.21, the
grand jury, not the state, presents an indictment and argues that it is the grand jury's intent, not the
state's, that is most important. She also notes that nothing prohibits the grand jury from indicting
an accused for only a misdemeanor offense and that "there is no requirement under the law that a
grand jury return only felony indictments."

 The state points to Art. V, § 12(b), of the Texas Constitution, which states that "[t]he
presentment of an indictment or information to a court invests the court with jurisdiction of the
cause" and that the practices and procedures relating to the use of indictments are as provided by
statutory law. It also points to Tex. Code Crim. Proc. art. 1.14(b), which after its 1985 amendment 
provides that a defendant waives or forfeits his right to object to a defect of form or substance in an
indictment if he fails to object before the date on which the trial commences and that he may not first
raise the objection on appeal. In Studer v. State, 799 S.W.2d 263 (Tex. Crim. App. 1990), we
discussed this principle at length and determined that a defendant who failed to timely object to a
defective charging instrument before trial began would lose the right to later complain about such
defect on appeal.

 The state acknowledges that in Thomason v. State, 892 S.W.2d 8, 11 (Tex. Crim. App. 1994),
we held that "where an indictment facially charges a complete offense, it is reasonable to presume
that the State intended to charge the offense alleged, and none other." We stated, "Consequently,
where an indictment facially charges a complete offense, the State is held to the offense charged in
the indictment, regardless of whether the State intended to charge that offense." Id. However, the
state suggests that, in Teal v. State, 230 S.W.3d 172 (Tex. Crim. App. 2007), we retreated from such
all-inclusive language.

 Thomason is distinguishable on its facts. Thomason was indicted for felony theft of at least
$20,000, but the indictment did not include the words necessary to charge an aggregated theft. The
evidence showed that Thomason had received ten checks, totaling $518,787, with each of eight of
the checks having an amount in excess of the alleged $20,000. At the end of the state's evidence,
Thomason asked the trial court to require the state to elect on which of the checks it sought a
conviction. The trial court refused to require an election, and the court of appeals affirmed, saying,
"[W]e cannot conclude that the failure to include the phrase in the indictment evinces an intent that
the checks not be aggregated." Thomason v. State, No. 05-92-00414-CR, 1993 WL 189615 (Tex.
App.-Dallas, June 2, 1993)(not designated for publication).

 This Court held that, "where an indictment facially charges a complete offense, it is
reasonable to presume the State intended to charge the offense alleged, and none other." Thomason,
892 S.W.2d at 11. That case is distinguishable on at least two grounds: Thomason asked for an
election, thus calling the issue to the attention of the trial court, and the indictment, on its face,
alleged a felony, albeit not the felony the state intended to charge. There was no question that the
trial court had subject-matter jurisdiction over the offense alleged on the face of the indictment.

 The text of the two indictments at issue here facially alleges misdemeanor tampering with
a governmental record. Appellant argues that, under Teal, she did not have to object because there
was no ground for objecting; the indictment in her case alleged a complete misdemeanor offense and
grand juries are authorized to issue indictments for misdemeanor offenses.

 Teal involved an indictment that alleged hindering apprehension, but the indictment failed
to include an allegation that the defendant had knowledge of the suspect's status as a fugitive felon,
the element that raised the offense to a felony. We recognized in Teal that Texas law now requires
the defendant to object to errors in the form or substance of an indictment before the day of trial and
before the jury is empaneled. Teal, 230 S.W.3d at 177. We also indicated that the critical
determination is whether the trial court (and reviewing appellate courts) and the defendant can
identify what penal-code provision is alleged and whether that penal-code provision is one that vests
jurisdiction in the trial court. Id. at 180. The state acknowledges that the text of appellant's
indictments, like the indictment in Teal, does not contain the language necessary to raise the offense
of tampering with a governmental record from a misdemeanor to a felony. State's Brief, p. 10. 
Nevertheless it suggests that, because the indictments were returned to a district court, a court with
subject-matter jurisdiction over felonies, and a felony offense of tampering with a governmental
record exists, it is clear that the state intended to charge a felony offense.

Analysis

 Teal is more on point with regard to the issue presented here than is Thomason, but it does
not assist appellant. As Teal pointed out, legislative changes in 1987 ensured that defects in an
indictment would be objected to and, if possible, (4) repaired before trial and that such defects would
not invalidate an otherwise valid conviction if they were not raised before trial. Teal at 176. The
Teal Court held that, after Studer v. State, 799 S.W.2d 263 (Tex. Crim. App 1990), and Cook v.
State, 902 S.W.2d 471 (Tex. Crim. App. 1995), courts must now look to the indictment as a whole,
not just to its specific formal requisites. Id. at 180.

 Implicit within both Studer and Cook is that "the offense" charged must be
one for which the trial court has subject-matter jurisdiction. . . . 

 Thus, the complete test for the constitutional sufficiency of a particular
charging instrument goes slightly further than that expressly set out in Studer and
Cook: Can the district court and the defendant determine, from the face of the
indictment, that the indictment intends to charge a felony or other offense for which
a district court has jurisdiction? . . . [T]he indictment, despite whatever substantive
defects it contains, must be capable of being construed as intending to charge a
felony (or a misdemeanor for which the district court has jurisdiction).

 . . . It certainly was a defective indictment because it omitted one of the two
elements that raise hindering apprehension from a misdemeanor to a felony, but it
was nonetheless sufficient to vest jurisdiction-it charged "an offense" and one could
fairly conclude from the face of the charging instrument that the State intended to
charge a felony offense. If appellant was confused about whether the State did or
intended to charge him with a felony, he could have and should have objected to the
defective indictment before the date of trial.


Id. at 181-82.


 Here, although the indictment properly charged a misdemeanor and lacked an element
necessary to charge a felony, the felony offense exists, and the indictment's return in a felony court
put appellant on notice that the charging of the felony offense was intended. Further, the face of each
indictment contains a heading: "Indictment-Tampering with a Governmental Record 3rd Degree
Felony,-TPC § 37.10(a)-Code 73990275." (5)
 The Penal Code section was easily ascertainable, and
the notation that the offense was a third-degree felony clearly indicated that the state intended to
charge a felony offense and that the district court had subject-matter jurisdiction. Appellant had
adequate notice that she was charged with a felony. If she had confusion about whether the State did,
or intended to, charge her with a felony, she could have, and should have, objected to the defective
indictment before the date of trial.

 The court of appeals erred when it concluded that these indictments fail to satisfy the
constitutional requirement of subject-matter jurisdiction and did not vest the district court with
jurisdiction. We reverse the judgment of the court of appeals and affirm the judgment of the trial
court in Cause No. 05-06-01274-CR (trial-court Cause No. 23290-86). In Cause No. 05-06-01230-CR (trial-court Cause No. 23338-86), the court of appeals found appellant's first issue, lack of
jurisdiction, dispositive and therefore did not address her second issue. We reverse the judgment
of the court of appeals in Cause No. 05-06-1230-CR and remand it to that court so that it may
consider appellant's unaddressed claim of error as to an objection under the attorney-client privilege. 
 We deny appellant's motion for rehearing.


Delivered: March 18, 2009

Publish
1. Pursuant to the third indictment, trial-court cause number 23337-86, appellant was convicted of falsely
holding herself out as a lawyer and sentenced to six years' confinement. On appeal, the court of appeals held that the
evidence was legally insufficient to sustain the conviction, reversed the trial court's judgment, and rendered a
judgment of acquittal. Kirkpatrick v. State, No. 05-06-01275-CR, 2007 Tex. App. LEXIS 2905 (Tex. App.-Dallas,
delivered April 17, 2007, no pet.)(not designated for publication). No petition for discretionary review was filed
regarding that case.
2. "The trial court erred in overruling appellant's objection under the attorney-client privilege."
3. The court of appeals did not discuss the single-count indictment, trial-court cause number 23338-86,
which likewise charged appellant with tampering with a government record, alleging that she did "then and there
make a document, to-wit: a letter from Michael D. Grant attached to a Motion for Continuance, with knowledge of
its falsity and with intent that it be taken as a genuine governmental record." However, the court of appeals's
reasoning and analysis is applicable to the similar allegation in that indictment.
4. For example, a district court lacks subject-matter jurisdiction over a speeding offense no matter how
perfect the wording of a charging instrument alleging such an offense, and there is no such offense as felony
speeding. The trial court clearly lacks subject-matter jurisdiction, and the indictment cannot, therefore, be repaired.
5. The heading sets out that the charge is a third-degree felony. Section 37.10(a) enumerates the elements of
tampering with a governmental record. Section 37.10(c) and (d) state what punishment ranges apply to different
kinds of governmental records.


 (c)(1) general classification not covered by subdivisions (2), (3), and (4) and subsection (d); a class A
misdemeanor unless the actor's intent is to harm or defraud another, then a state-jail felony.

 (c)(2) school records, license, permit, seal, title, letter of patent, or similar document; a third-degree felony
unless the actor's intent is to harm or defraud another, then a second-degree felony.

 (c)(3) a record required to enroll a student in a school district and used to establish residency; a class C
misdemeanor.

 (c)(4) a written appraisal filed with an appraisal review board that was performed by a person with a
contingency interest in the outcome of the hearing; a class B misdemeanor.

 (d) vehicle liability insurance form; varying levels, depending on how the tampering was done (§ 37.10
(a)(1-6)).


 Although the heading alleges a third-degree felony, the jury convicted appellant of a state-jail felony. Such
a conviction may be had only under § 37.10(c)(1) with proof of intent to defraud or harm another.