**Affirmed; Opinion Filed July 31, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00578-CR

### MICHAEL ANTHONY PEREZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-82950-2016**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Evans

Michael Anthony Perez appeals his conviction for the felony offense of driving while intoxicated (DWI) with two prior DWI convictions. Appellant entered a plea of not guilty, waived a jury, and was tried before the court. The trial court found appellant guilty and, pursuant to an agreement between the parties, sentenced appellant to eight years' imprisonment. Appellant brings one issue on appeal contending he was deprived of his constitutional rights when he "was charged, prosecuted, and convicted under an improper and incomplete indictment that omitted essential elements" of the offense.

## BACKGROUND

On April 27, 2016, a woman called 911 to report she had been pushed out of a car. She told the dispatcher the model of the car and its license number and that the driver was intoxicated. An officer soon spotted the car and stopped it. Appellant was driving the car and appeared to be

intoxicated. The officer arrested appellant. At the jail, appellant refused to provide a breath or blood sample, and the officer obtained a search warrant to seize a sample of appellant's blood. Testing showed appellant had an alcohol concentration of 0.198. *See* TEX. PENAL CODE ANN. § 49.01(2)(B) (West 2011) (defining "intoxicated" as "having an alcohol concentration of 0.08 or more").

The State charged appellant with third-degree felony DWI, which required the State to prove appellant had two prior convictions for driving while intoxicated. PENAL § 49.09(b)(2) (West Supp. 2017). After the trial began, appellant raised an objection concerning a potential defect in the indictment: the second alleged prior conviction, which was from 1996, stated it was for "an offense relating to the operating of a motor vehicle" but did not state it was for operating a motor vehicle "while intoxicated." When the State offered into evidence an exhibit containing the docket sheet, charging instrument, and judgment for the 1996 conviction, appellant objected that the exhibit was irrelevant under the indictment in this case. The trial court overruled appellant's objection and admitted the exhibit. Appellant then moved for dismissal of the indictment, arguing that the indictment did not allege a felony offense necessary to vest the trial court with jurisdiction. The trial court overruled the objection, stating appellant waived the defect in the indictment by not asserting it before the trial. During the closing argument, appellant asserted that if the trial court found appellant guilty, it should be for a Class A misdemeanor, which requires only one prior DWI conviction, because of the failure to allege the second prior conviction involved driving while intoxicated. The trial court, however, found appellant guilty of third-degree felony DWI.

## INDICTMENT

Ordinarily, DWI is a Class B misdemeanor. *See* PENAL § 49.04(b) (West Supp. 2017). If the defendant commits DWI and has one prior conviction for "an offense relating to the operating of a motor vehicle while intoxicated," then the offense is a Class A misdemeanor. *Id.* § 49.09(a).

DWI "is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted: . . . (b) two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ." *Id.* § 49.09(b)(2).

The indictment in this case alleged appellant, on April 27, 2016:

> [1] did then and there operate a motor vehicle in a public place while the said defendant was intoxicated;

> [2] and it is further presented that prior to the commission of the charged offense of driving while intoxicated, on the 28th day of June 1987, in cause number CR-050119-A in the County Court at Law #1 of Hidalgo County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated;

> [3] and on the 26the [sic] day of June, 1996, in cause number 0617658 in the County Criminal Court #10 of Tarrant County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle;

> against the peace and dignity of the State.

The third paragraph fails to mention that the prior conviction was one relating to the operating of a motor vehicle "while intoxicated." At trial, the State proved the prior conviction alleged in the third paragraph was for DWI.

## ANALYSIS

Appellant contends he was "deprived of his constitutional rights" because he was "charged, prosecuted, and convicted under an improper and incomplete indictment that omitted essential elements of the crime for which the trial court found Appellant guilty." Article V, § 12(b) of the Texas Constitution concerns indictments:

> An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. . . . The practice and procedures relating to the use of indictments . . . , including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

TEX. CONST. art. V, § 12(b). Part of the "practice and procedures relating to the use of indictments . . . as provided by law" is article 1.14(b) of the Code of Criminal Procedure:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2015).

Appellant argues on appeal that the indictment was "fatally flawed" and "unconstitutionally flawed." Appellant does not explain what he means by "fatally" and "unconstitutionally" flawed, but we presume he means what he argued in the trial court: that the indictment alleged only a misdemeanor and not a felony and therefore did not vest the trial court with jurisdiction over the case. The court of criminal appeals considered a similar situation in *Kirkpatrick v. State*, 279 S.W.3d 324 (Tex. Crim. App. 2009). In that case, the indictment alleged the defendant committed tampering with a governmental record. The indictment omitted the language necessary to raise the offense from a misdemeanor to a felony. *Id.* at 328. Appellant did not object before trial. *Id.* at 325. Appellant argued on appeal that the indictment's allegation of only a misdemeanor failed to vest the trial court with jurisdiction. *Id.* at 326. The court of criminal appeals disagreed:

> Here, although the indictment properly charged a misdemeanor and lacked an element necessary to charge a felony, the felony offense exists, and the indictment's return in a felony court put appellant on notice that the charging of the felony offense was intended. Further, the face of each indictment contains a heading: "Indictment–Tampering with a Governmental Record 3rd Degree Felony,—TPC § 37.10(a)-Code 73990275." The Penal Code section was easily ascertainable, and the notation that the offense was a third-degree felony clearly indicated that the [S]tate intended to charge a felony offense and that the district court had subject-matter jurisdiction. Appellant had adequate notice that she was charged with a felony. If she had confusion about whether the State did, or intended to, charge her with a felony, she could have, and should have, objected to the defective indictment before the date of trial.

*Id.* at 329. In this case, felony DWI exists. *See* PENAL § 49.09(b)(2). As in *Kirkpatrick*, "the indictment's return in a felony court put appellant on notice that the charging of the felony offense

was intended." *Kirkpatrick*, 279 S.W.3d at 329. Also, the page containing the indictment includes this statement:

CHARGE  DRIVING WHILE
INTOXICATED 3RD OR
MORE Third Degree Felony
49.09(b)

As in *Kirkpatrick*, "The Penal Code section was easily ascertainable, and the notation that the offense was a third-degree felony clearly indicated that the [S]tate intended to charge a felony offense and that the district court had subject-matter jurisdiction." *Id.* Also, the allegation of the 1996 prior conviction included the county, court, and cause number for the conviction. Appellant could have easily ascertained from this information that the 1996 conviction was for an offense relating to the operating of a motor vehicle while intoxicated. Like the defendant in *Kirkpatrick*, appellant had adequate notice that he was charged with a felony. If appellant was confused, he "could have and should have, objected to the defective indictment before the date of trial." *Id.* We conclude the indictment was neither "fatally" nor "unconstitutionally" flawed and that it vested the trial court with jurisdiction.

Appellant also argues he could not be convicted of an offense greater than a Class A misdemeanor because the indictment alleged only one prior conviction relating to the operating of a motor vehicle while intoxicated. Appellant relies on *Thomason v. State*, 892 S.W.2d 8 (Tex. Crim. App. 1994). In that case, the defendant stole ten checks totaling $518,787, and he was charged with theft of property with the value of at least $20,000. *Id.* at 9. The indictment did not allege aggregation of amounts under section 31.09 of the Penal Code. *See* PENAL § 31.09 (West 2016). During the trial, the State tried to aggregate the amounts, but the court of criminal appeals observed the indictment did not permit that. The court stated,

> where an indictment facially charges a complete offense, it is reasonable to presume the State intended to charge the offense alleged, and none other. Consequently, where an indictment facially charges a complete offense, the State is held to the

offense charged in the indictment, regardless of whether the State intended to charge that offense.

*Id.* at 11. Appellant argues the State should be held to the offense it actually charged, Class A misdemeanor DWI, because, as the court in *Thomason* stated, "it is reasonable to presume the State intended to charge the offense alleged, and none other." *Id.* We disagree. The court of criminal appeals rejected a similar argument in *Kirkpatrick*. *See Kirkpatrick*, 279 S.W.3d at 327–28. In this case, it is not reasonable to assume the State intended to charge appellant with Class A misdemeanor DWI because (1) the indictment was filed in a district court and (2) the indictment alleged two prior convictions, both of which were actually prior convictions for DWI even though one of the allegations omitted the phrase "while intoxicated." We conclude *Thomason* is not applicable. The indictment did not prohibit the trial court from convicting appellant of an offense greater than a Class A misdemeanor.

Appellant also generally argues he was deprived of the constitutional protection of being charged, prosecuted, and convicted under an indictment that alleged all the elements of an offense. Constitutional protections can be waived. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) ("When we say 'that even constitutional guarantees can be waived by failure to object properly at trial,' we mean that some, not all, constitutional rights may be forfeited." (quoting *Gibson v. State*, 516 S.W.2d 406, 409 (Tex. Crim. App. 1974)) (overruled on other grounds by *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). Article 1.14(b) specifically provides that a defect "of form or substance" is waived and forfeited by the defendant's failure to object to the defect "before the date on which the trial on the merits commences." Crim. Proc. art. 1.14(b). The statute also provides that a defendant, like appellant, who does not timely object to the defect "may not raise the objection on appeal." *Id.* In this case, appellant did not object to the defect in the indictment until after the trial on the merits had commenced. On appeal, appellant raises this objection to the indictment and asserts the omission of the element deprived him of his

constitutional right to have the indictment allege all the elements of the offense. Article 1.14(b), however, prohibits appellant from raising the objection to the indictment on appeal.

We overrule appellant's issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.1
170578F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL ANTHONY PEREZ, Appellant

No. 05-17-00578-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-82950-2016.
Opinion delivered by Justice Evans.
Justices Lang-Miers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of July, 2018.