Jeffrey Lee BOKOR, Appellant,

v.

The STATE of Texas State.

No. 2–01–401–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 19, 2002.

Marc F. Gault, Fort Worth, for Appellant.

Hood County District Attorney, Robert T. Christian, Granbury, for State.

Panel B: HOLMAN, GARDNER, and WALKER, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Appellant Jeffrey Lee Bokor appeals from his conviction for theft of property over $1,500 in value but less than $20,000. A jury found Appellant guilty. The court sentenced him to two years' incarceration, but suspended imposition of the sentence, placed him on five years' community supervision, and ordered him to pay $18,000 in restitution to David Trimble, the complaining witness in this case. On appeal, Appellant complains in three points of legal and factual insufficiency of the evidence and material variances between the indictment and the evidence produced at trial. We will reverse and render a judgment of acquittal.

On November 28, 1997, Appellant entered into a written contract for deed with Trimble under which he sold some land and a mobile home to Trimble. After Trimble's last contract payment on March 31, 2000, Appellant failed to deliver title to Trimble. Appellant was indicted, and a jury convicted him of the theft of the monthly payments Trimble paid to him as part of the purchase price for the land.

The contract for deed required Appellant to deliver a general warranty deed to Trimble "within a reasonable time" after the "full purchase price and taxes have been paid." When Trimble requested that Appellant transfer to him title to the mobile home and land, Appellant told Trimble that he could not do so, because Garry Luker, a real estate developer, had title to the property. At trial, the State introduced evidence that, unknown to Trimble, Luker had a lien on the land at the time

Trimble had entered the contract with Appellant. Appellant disputed the validity of Luker's lien.

Appellant claimed that he was not required to deliver title to Trimble on March 31, 2000, because Trimble had defaulted under the contract for deed. The contract required Trimble to pay property taxes on the land in addition to making timely monthly payments. Trimble admitted that he failed to pay any property taxes for the years 1998, 1999, and 2000, and failed to pay certain late fees that he owed under the contract based on alleged late payments. The contract provided that if Trimble failed to make *any* of the required payments, and such default continued for thirty days, Appellant could cancel the contract, retaining all payments received as "liquidated damages and/or rent for the use and detention of the property." The evidence showed that Appellant sent Trimble a contract cancellation notice by certified mail approximately eight months after Trimble's last payment, but Trimble testified that he did not receive the notice.

Appellant claims under points one and two that the evidence is legally and factually insufficient to prove beyond a reasonable doubt that Trimble was the owner of the property and, therefore, Appellant could not be convicted of theft. *See* TEX. PENAL CODE ANN. § 2.01 (Vernon 1994). Because these points concern the same facts and principles of law and we only apply a different standard of review as to each, we will address them together.

■ In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict. *Cardenas v. State*, 30 S.W.3d 384, 389–90 (Tex.Crim. App.2000); *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d

791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.), *cert. denied*, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■ In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim.App.2000); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence. *Johnson*, 23 S.W.3d at 11. Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Id.* In performing this review, we are to give due deference to the fact finder's determinations. *Id.* at 8–9; *Clewis*, 922 S.W.2d at 136. Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice. *Johnson*, 23 S.W.3d at 9, 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997).

The elements of theft are the following: a person, with the intent to deprive the owner of property, unlawfully appropriates that property, without the effective consent of the owner. TEX. PENAL CODE ANN. § 31.03(a), (b)(1) (Vernon Supp.2003); *Thomason v. State*, 892 S.W.2d 8, 10 (Tex. Crim.App.1994). The State was therefore required to prove beyond a reasonable doubt that Trimble, the complaining witness, was the owner of the currency when Appellant allegedly misappropriated it. *See* TEX. PENAL CODE ANN. § 31.03; *see also Bryant v. State*, 627 S.W.2d 180, 182–83 (Tex.Crim.App. [Panel Op.] 1982).

■ An "owner" is a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor. TEX. PENAL CODE ANN. § 1.07(a)(35)(A) (Vernon 1994). If a bona fide dispute exists as to the ownership of the property, then the evidence is legally insufficient to sustain a theft conviction. *See Hann v. State*, 771 S.W.2d 731, 733 (Tex.App.-Fort Worth 1989, no pet.); *see also Roper v. State*, 917 S.W.2d 128, 132–33 (Tex.App.-Fort Worth 1996, pet. ref'd) (ordering acquittal in a theft case that was based on "a simple case of a civil contract dispute").

■ While we do not speculate here as to the ultimate outcome of any civil suit between the parties concerning the ownership of the property, we do find, for the purpose of this appeal, that a bona fide dispute exists between Appellant and Trimble over which party had a greater right of possession to the payments Trimble made. The record shows that Appellant and Trimble entered into a contract for deed for the title to the land. Trimble testified that he did not pay any property taxes for the years 1998, 1999, and 2000, and did not pay any late fees, although Appellant's records show that Trimble made several late payments. Testimony shows that Appellant did not deliver title after Trimble made his last land payment,

and the record does not show that Appellant conducted proper foreclosure proceedings. The State offered into evidence a certified copy of a deed of trust filed for record in Hood County reflecting Sun Chase Development Company, Luker's real estate company, as lienholder of the property; however, Appellant's bankruptcy attorney testified that he did not believe Luker's lien was valid. Rhonda Bokor, Appellant's wife, testified that the note securing the lien had been paid.

Like *Roper*, the present case can be characterized as a simple case of a civil contract dispute. 917 S.W.2d at 132–33. Did Trimble breach the contract? Was Appellant's notice of contract cancellation approximately eight months after Trimble's last payment a proper foreclosure on the contract? Is Luker's lien valid? Clearly, these are questions that should be answered in a civil action.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that any rational trier of fact could not have found beyond a reasonable doubt that Trimble was the owner of the currency as alleged in the indictment. *See Cardenas*, 30 S.W.3d at 389–90; *Narvaiz*, 840 S.W.2d at 423; *McDuff*, 939 S.W.2d at 614. Viewing the evidence in a neutral light, we find that the proof is so weak that it undermines confidence in the verdict. *See Johnson*, 23 S.W.3d at 11. We conclude that the evidence is both legally and factually insufficient to support the jury's findings. We sustain Appellant's first and second points. In light of our holding with regard to these two points, we do not reach Appellant's third point.

Because we conclude that Appellant's conviction must be reversed for legal and factual insufficiency of the evidence to support the jury's finding of guilt, we reverse the trial court's judgment and render a judgment of acquittal. *See* TEX.R.APP. P.

43.2(c), 51.2(d); *Burks v. United States*, 437 U.S. 1, 16–18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 24–25, 98 S.Ct. 2151, 2154–55, 57 L.Ed.2d 15 (1978); *Clewis*, 922 S.W.2d at 133.