

# IN THE
## TENTH COURT OF APPEALS

### No. 10-07-00348-CR

**GARY WAYNE McGRUDER,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 06-03839-CRF-272**

## MEMORANDUM  OPINION

A jury convicted Gary Wayne McGruder of burglary of a habitation and, after finding enhancement allegations true, assessed his punishment at forty years' imprisonment.  McGruder contends in four points that the court abused its discretion by: (1) overruling his motion to suppress evidence seized as a result of his warrantless arrest; (2) overruling his motion to suppress the complainant's identification of him at an in-field showup; (3) overruling his motion for mistrial after the prosecutor commented on his silence; and (4) denying his request for submission of jury

instructions on the lesser-included offenses of theft and criminal trespass. We will affirm.

## Background

McGruder was charged with entering the habitation of the complainant Will Bess without effective consent and committing or attempting to commit theft. *See* TEX. PEN. CODE ANN. § 30.02(a)(3) (Vernon 2003). According to the evidence, Bess went into his backyard to feed his dog and, upon returning to the front, noticed that someone had left a bicycle beside his truck in the driveway. He found McGruder inside. When he confronted McGruder, McGruder started hitting him. Bess attempted to defend himself with his pocketknife and cut McGruder at some point in the struggle. McGruder fled the scene on his bicycle.

Bess gave chase in his pickup and called 9-1-1, giving the operator a description of his assailant. He met a responding police officer and showed the officer the direction in which McGruder had fled. The officer found McGruder a few blocks away. His clothing and general appearance matched the description given. In addition, he had a blood-soaked towel wrapped around his right arm, and he was out of breath. After he was detained, another officer found Bess's wristwatch in his front pocket. Bess was brought to that location, and he identified McGruder as the burglar.

A detective obtained a search warrant to collect DNA specimens from McGruder to compare with bloodstains on Bess's pocketknife and recovered from his home. The DNA from these blood specimens was consistent with McGruder's DNA.

**Motion to Suppress**

McGruder contends in his first point that the court abused its discretion by overruling his motion to suppress evidence seized as a result of his warrantless arrest because the arresting officer lacked probable cause. Specifically, he complains about the admission of evidence regarding the discovery of Bess's wristwatch and the admission of the DNA evidence.

We review a suppression ruling under an abuse-of-discretion standard. *See Montanez v. State*, 195 S.W.3d 101, 108 (Tex. Crim. App. 2006); *Johnson v. State*, 237 S.W.3d 390, 392 (Tex. App.—Waco 2007, pet. ref'd). We afford almost total deference to the court's determination of historical facts but review *de novo* the court's ruling on mixed questions of law and fact which do not turn on the credibility and demeanor of witnesses. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008); *Johnson*, 237 S.W.3d at 392. We apply a *de novo* standard of review in this case because the pertinent facts are not disputed and because the only issue to be determined is whether the trial court correctly applied the law to those facts. *See Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); *Johnson*, 237 S.W.3d at 392.

"Probable cause exists if the officer knows of facts that would lead a reasonable person to believe that the suspect has committed or will soon commit a crime." *Neal*, 256 S.W.3d at 280. To determine the existence of probable cause, a court must consider the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983); *Neal*, 256 S.W.3d at 280; *Curry v. State*, 228 S.W.3d 292, 295 (Tex.

App.—Waco 2007, pet. ref'd). A court may consider the sum of the information known to the cooperating officers at the time of the search or seizure. *Curry*, 228 S.W.3d at 295.

When an arrest is made within a short period of time after a crime is committed, and frequently on the basis of information broadcast by a dispatcher, courts focus on whether the arresting officer's information originated from "a known, credible person" and "whether any other action, regardless of how minute, gave the officer additional probable cause to arrest." *See Rodriguez v. State*, 975 S.W.2d 667, 678 (Tex. App.—Texarkana 1998, pet. ref'd). Here, both factors are present.

First, the description of McGruder originated with the complainant Bess who personally described McGruder's appearance and the direction in which he had fled to the officer who arrested him only moments later. *See id.* at 679; *Shipman v. State*, 935 S.W.2d 880, 884 (Tex. App.—San Antonio 1996, pet. ref'd).

And second, McGruder was arrested in an area close to the direction in which he was alleged to have fled, he matched the description given by Bess, he had a blood-soaked towel wrapped around his right arm (consistent with Bess's statement that the burglar was bleeding profusely), and he was out of breath and "sweating profusely" (indicating flight and, as an officer testified, as if "he had finished exerting himself in a physical altercation"). *See Goldberg v. State*, 95 S.W.3d 345, 362-63 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *Rodriguez*, 975 S.W.2d at 679; *Shipman*, 935 S.W.2d at 884-85.

Accordingly, we hold that under the totality of the circumstances there was probable cause for McGruder's arrest when he was initially detained by the officer.

Thus, the court did not abuse its discretion by overruling his suppression motion.  We overrule McGruder's first point.

## In-Field Showup

McGruder contends in his second point that the court abused its discretion by overruling his motion to suppress Bess's identification of him during an in-field showup.

We have recently addressed the factors to be considered and the appropriate standard for determining whether a pre-trial identification made during an in-field showup should be excluded.  *Wilson v. State*, 267 S.W.3d 215, 217 (Tex. App.—Waco 2008, pet. filed).  We assume without deciding that the showup in McGruder's case was impermissibly suggestive and focus on the issue of whether, under the totality of the circumstances, there was a very substantial likelihood of irreparable misidentification. *See Delk v. State,* 855 S.W.2d 700, 706 (Tex. Crim. App. 1993); *Wilson*, 267 S.W.3d at 217; *Williams v. State,* 243 S.W.3d 787, 789 (Tex. App.—Amarillo 2007, pet. ref'd); *Pace v. State,* 986 S.W.2d 740, 744 (Tex. App.—El Paso 1999, pet. ref'd).

The first factor we consider is the opportunity of the witness to view the criminal at the time of the crime.  *Webb v. State,* 760 S.W.2d 263, 269 (Tex. Crim. App. 1988) (citing *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S. Ct. 2243, 2253, 53 L. Ed. 2d 140 (1977)); *Wilson*, 267 S.W.3d at 217; *accord Loserth v. State,* 963 S.W.2d 770, 772 (Tex. Crim. App. 1998); *Williams,* 243 S.W.3d at 790; *Pace,* 986 S.W.2d at 744-45.  Bess testified that the lighting was bright in his hallway where he first observed McGruder, nothing

interfered with his view, and he was "able to get a clear look at [McGruder's] face and his build and all of that."

The second factor is the witness's degree of attention. *Id.* Bess testified that he got a "clear look" at McGruder and that he was "paying attention to what he was doing" as they were engaged in a struggle. In addition, Bess testified that he has seven or eight years of prior experience as a police officer which gave him experience observing others and remembering their appearance.

The third factor is the accuracy of the witness's prior description. *Id.* Bess testified that the intruder was "[a] very big man, built across the chest"; a black man; and "[h]e had on a white shirt; and I don't remember the color of the pants." He clarified on cross-examination that the intruder was wearing a shirt and shorts. Sergeant John Campbell testified that Bess also described the intruder as wearing a black cap and stated that he was bleeding profusely. McGruder is an African American. When he was apprehended, he was wearing a dark baseball cap and a light-colored shirt and had a blood-soaked towel wrapped around his right arm.

The fourth factor is the level of certainty demonstrated by the witness at the confrontation. *Id.* According to Sergeant Campbell, Bess observed McGruder and said, "That's him, no doubt about it."

The last of the listed factors is the length of time between the crime and the confrontation. *Id.* McGruder concedes that this factor is favorable to the State.

In addition to the five listed factors, we may also consider other relevant factors in evaluating the reliability of the witness's identification. *Delk,* 855 S.W.2d at 706;

*Wilson*, 267 S.W.3d at 217; *Pace,* 986 S.W.2d at 745. Here, other relevant factors include the following: (1) McGruder was arrested in an area close to the direction in which he was alleged to have fled; (2) he was out of breath and "sweating profusely"; (3) he had Bess's wristwatch in his pocket; and (4) his DNA matched the blood specimens taken from Bess's pocket knife and from his home.

Viewed deferentially in a light favorable to the trial court's decision, the evidence relevant to each of the foregoing factors supports the court's determination that, under the totality of the circumstances, there was no substantial likelihood of irreparable misidentification. *See Delk,* 855 S.W.2d at 707-08; *Wilson,* 267 S.W.3d at 217; *Williams,* 243 S.W.3d at 791; *Pace,* 986 S.W.2d at 745. Accordingly, we overrule McGruder's second issue.

### Comment on Failure to Testify

McGruder contends in his third issue that the court abused its discretion by overruling his motion for mistrial after the prosecutor commented on his failure to testify in closing argument. The State responds that McGruder failed to preserve this issue for appellate review because he failed to object on several occasions when evidence was admitted regarding his failure to answer an officer's questions about his identity at the time of his arrest.

The complained-of argument occurred during the following colloquy:

Prosecutor:   Not only does he flee, but he ditches the bicycle on one street and pops out on the next street, where the officers do catch him. So not only is he fleeing, now he's trying to ditch the bike so when the officers do find him he's no longer a man on a bike, he's a walking,

[sic] because he knows he's being followed and he's been seen leaving on a bike.

He refuses to answer the officer's questions. You know what? Right there, again—

Defense: Judge, I object. That's a comment on my client's right to remain silence [sic].

Prosecutor: Pre-arrest silence is admissible as evidence, Your Honor, and admissible to be argued.

Defense: He was in custody.

The Court: Approach the bench, please.

(At Bench) I remember the officer testified that he wasn't under arrest yet, but I also know there are some times when a person's liberty is so restrained that the thinks he's in custody.

Prosecutor: But as far as "What's your name?" "Where do you live?" those are not questions that are interrogation.

Defense: It's clearly an argument that my client was remaining silent, and I'm objecting.

The Court: All right. I'll sustain the objection.

(Open Court) I'm going to sustain the objection.

Defense: Judge, I ask for an instruction to disregard, please.

The Court: Members of the jury, you are instructed to disregard the last statement.

Defense: Request for mistrial.

The Court: Denied

We must uphold a trial court's ruling on a motion for mistrial if it is within the zone of reasonable disagreement. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App.

2007). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Id.* (quoting *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)). We review the court's ruling under an abuse-of-discretion standard. *Id.*

First, we address the State's argument that McGruder failed to preserve this issue for appellate review. McGruder's complaint is that the court abused its discretion by overruling his motion for mistrial. He requested a mistrial as part of the preferred sequence for preserving error in cases involving allegedly improper jury argument. In terms of Rule of Appellate Procedure 33.1(a), he made a timely motion for mistrial and obtained an adverse ruling. *See* Tex. R. App. P. 33.1(a); *Tucker v. State*, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999); *Badall v. State*, 216 S.W.3d 865, 867 (Tex. App.—Beaumont 2007, pet. ref'd). Thus, he preserved the issue for appellate review. *Contra Whitfield v. State*, No. 01-92-00617-CR, 1993 WL 322738, at *3 (Tex. App.—Houston [1st Dist.] Aug. 26, 1993, pet. ref'd) (failure to object to two of four trial references to post-arrest silence waived complaint regarding denial of motion for mistrial).

Nevertheless, the State's observation that McGruder failed to object when evidence was admitted regarding his failure to answer officers' questions about his identity is relevant to the merits of McGruder's complaint.

"Proper jury argument includes four areas: (1) summation of the evidence presented at trial, (2) reasonable deduction drawn from that evidence, (3) answer to the opposing counsel's argument, or (4) a plea for law enforcement." *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000); *accord York v. State*, 258 S.W.3d 712, 717 (Tex.

App.—Waco 2008, pet. ref'd); *Cole v. State*, 194 S.W.3d 538, 544 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

Here, the complained-of argument properly referred to evidence which had been admitted at trial *without objection*. *See id.* A defendant cannot permit evidence to be admitted without objection and then later complain when the State refers to that evidence in its closing argument. *Cf. Leday v. State*, 983 S.W.2d 713, 718 nn.6-7 (Tex. Crim. App. 1998) (erroneous admission of evidence is generally rendered harmless when similar evidence is admitted without objection); *Elder v. State*, 132 S.W.3d 20, 27 (Tex. App.—Fort Worth 2004, pet. ref'd) (same); *Webster v. State*, 26 S.W.3d 717, 723 (Tex. App.—Waco 2000, pet. ref'd) (same).

Therefore, because the complained-of argument properly referred to evidence which had been admitted at trial, the court did not abuse its discretion by denying McGruder's motion for mistrial. Accordingly, we overrule his third issue.

### Lesser-Included Offenses

McGruder contends in his fourth issue that the court abused its discretion by denying his request for submission of jury instructions on the lesser-included offenses of theft and criminal trespass.

In determining whether to submit a lesser included charge, the court must conclude that: (1) the requested charge is for a lesser-included offense of the charged offense; and (2) there is some evidence that, if the defendant is guilty, he is guilty of only the lesser offense. *Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006); *Pierce v. State*, 234 S.W.3d 265, 269 (Tex. App.—Waco 2007, pet. ref'd). We determine

the first issue from the pleadings. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007); *Pierce*, 234 S.W.3d at 269. Therefore, we must compare the statutory elements of burglary as set out in the indictment to the elements of the requested lesser offenses. *See Hall*, 225 S.W.3d at 535-36; *Pierce*, 234 S.W.3d at 269. If the first requirement is met, we determine the second issue by reviewing the evidence to determine if there is any evidence that, if McGruder is guilty, he is guilty only of one of the lesser offenses. *See Hall*, 225 S.W.3d at 536; *Pierce*, 234 S.W.3d at 269.

Applying the first step of the analysis, the indictment alleges the following statutory elements: (1) McGruder; (2) intentionally or knowingly; (3) entered Bess's habitation; (4) without his effective consent; and (5)(A) attempted to commit theft of Bess's watch; or (B) committed theft of Bess's watch. *See* TEX. PEN. CODE ANN. § 30.02(a)(3) (Vernon 2003); *Day v. State*, 532 S.W.2d 302, 305 (Tex. Crim. App. 1975), *disapproved in part on other grounds by Hall*, 225 S.W.3d at 537; *Salazar v. State*, 259 S.W.3d 232, 233 (Tex. App.—Amarillo 2008, pet. granted).

Regarding the lesser offense of theft, the State does not dispute that theft is a lesser-included offense under this indictment. The pertinent elements would be that: (1) McGruder; (2) committed theft of Bess's watch.[1]

Regarding the lesser offense of criminal trespass, the statutory elements are: (1) a person; (2) without effective consent; (3) enters or remains on the property or in a

---

[1] The statutory elements of theft are: (1) a person; (2) with intent to deprive the owner of property; (3) appropriates that property; (4) without the effective consent of the owner. *See* TEX. PEN. CODE ANN. § 31.03(a), (b)(1) (Vernon Supp. 2008); *Thomason v. State*, 892 S.W.2d 8, 10 (Tex. Crim. App. 1994); *Bokor v. State*, 114 S.W.3d 558, 560 (Tex. App.—Fort Worth 2002, no pet.). The latter three elements are subsumed within the indictment's allegation that McGruder "committed theft."

building of another; (4) knowingly or intentionally or recklessly; (5) when he had notice that entry was forbidden or received notice to depart but failed to do so.[2] *Id.* §§ 6.02(c), 30.05(a) (Vernon Supp. 2008); *Day*, 532 S.W.2d at 306; *DeVaughn v. State*, 239 S.W.3d 351, 356 (Tex. App.—San Antonio 2007, no pet.).

The parties dispute whether the fifth element is included within the statutory elements for burglary. The Court of Criminal Appeals has held that it is. *Day*, 532 S.W.2d at 306 ("the elements of criminal trespass, including 'notice,' could be established by proof of the same facts necessary to prove the offense of burglary"); *accord DeVaughn*, 239 S.W.3d at 356. The Amarillo Court has recently held that it is not. *Salazar*, 259 S.W.3d at 233-34.[3] Although, the Amarillo Court's reasoning is persuasive, we are duty-bound to follow the Court of Criminal Appeals. *Villarreal v. State*, 267 S.W.3d 204, 209 (Tex. App.—Corpus Christi 2008, no pet.); *Flores v. State*, 883 S.W.2d 383, 385 (Tex. App.—Amarillo 1994, pet. ref'd). Therefore, following *Day* and *DeVaughn*, we hold that criminal trespass is a lesser-included offense of burglary of a habitation.

---

[2]     Section 30.05 of the Penal Code does not prescribe a culpable mental state and does not "plainly dispense[ ] with any mental element." *See* TEX. PEN. CODE ANN. §§ 6.02(b), 30.05(a) (Vernon Supp. 2008). Thus, under section 6.02(c), the State must prove "intent, knowledge, or recklessness." *Id.* § 6.02(c) (Vernon Supp. 2008). The Court of Criminal Appeals has so held. *West v. State*, 567 S.W.2d 515, 516 (Tex. Crim. App. [Panel Op.] 1978); *accord DeVaughn v. State*, 239 S.W.3d 351, 356 (Tex. App.—San Antonio 2007, no pet.); *Bustillos v. State*, 832 S.W.2d 668, 674 (Tex. App.—El Paso 1992, pet. ref'd). *Contra Dunn v. State*, 979 S.W.2d 403, 408 (Tex. App.—Amarillo 1998, pet. ref'd) ("no culpable mental state is required to establish criminal trespassing"); *Reed v. State*, 762 S.W.2d 640, 646 (Tex. App.—Texarkana 1988, pet. ref'd) ("No culpable mental state is required for a conviction under this statute, other than a volitional refusal to leave when requested.").

[3]     The Court of Criminal Appeals has granted review in *Salazar* on the issue, "Does a habitation inherently give notice that entry is forbidden?" *See Salazar v. State*, No. PD-08-0956 (Tex. Crim. App. Oct. 1, 2008) (order granting discretionary review). A current listing of issues on which the Court of Criminal Appeals has granted review may be found at the Court's website. *See* Texas Court of Criminal Appeals, Granted Issues, http://www.cca.courts.state.tx.us/issues/ISSUES.htm (last visited Dec. 11, 2008).

Next we must determine whether there is some evidence that, if McGruder is guilty, he is guilty only of one of the lesser offenses. *See Hall*, 225 S.W.3d at 536; *Pierce*, 234 S.W.3d at 269. This requires "anything more than a scintilla of evidence" which establishes a lesser-included offense as "a valid rational alternative to the charged offense." *Hall*, 225 S.W.3d at 536 (quoting *Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999) (quoting *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997))); *Pierce*, 234 S.W.3d at 271.

With regard to theft, McGruder relies solely on Bess's testimony that, when he confronted McGruder in his home, McGruder told him some unidentified "white man"[4] had told him to come in the house. However, there is no evidence in the record that this unidentified person was an owner or occupant of Bess's home. Rather, the evidence established that McGruder entered Bess's home without Bess's consent and that no other owner or occupant consented to McGruder's entry. Thus, the record contains no evidence that if McGruder is guilty, he is guilty of only theft. *See Smith v. State*, No. 02-06-00073-CR, 2007 WL 704894, at *2-3 (Tex. App.—Fort Worth Mar. 8, 2007, no pet.) (mem. op.).

With regard to criminal trespass, McGruder relies on Bess's testimony that McGruder was "babbling" and "wild eyed" (and similar characterizations) when Bess confronted him. McGruder contends that this is evidence which would call into question his mental culpability, particularly with regard to whether he intentionally or knowingly entered the house without Bess's consent. He suggests that a rational juror

---

[4] Bess is African-American. He testified that no "white man" lives in his home.

may have determined from this evidence that he did not possess the requisite culpability to commit theft until after he entered the house. However, there is no evidence to show that McGruder's mental culpability was any different before he entered the house than after, and the evidence on which McGruder relies is nonetheless more indicative of his mental culpability at the time he stole the watch than at the time he entered the house. If McGruder did not possess the requisite culpability to commit theft, then he did not possess the requisite culpability to commit burglary either.

Evidence that the defendant committed no offense is not evidence that the defendant committed a lesser-included offense. *See Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001); *Martin v. State*, 246 S.W.3d 246, 267 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Bradford v. State*, 178 S.W.3d 875, 878 (Tex. App.—Fort Worth 2005, pet. ref'd). Accordingly, we overrule McGruder's fourth issue.

We affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Vance, and
     Justice Reyna
Affirmed
Opinion delivered and filed December 17, 2008
Do not publish
[CRPM]